United States Court of Appeals,

Eleventh Circuit.

No. 97-6680.

UNIVERSITY OF SOUTH ALABAMA, Plaintiff-Appellant,

v.

THE AMERICAN TOBACCO COMPANY, et al., Defendants-Appellees.

Feb. 22, 1999.

Appeal from the United States District Court for the Southern District of Alabama. (No. 97-0552-BH-S), W.B. Hand, Judge.

Before HATCHETT, Chief Judge, MARCUS, Circuit Judge, and KRAVITCH, Senior Circuit Judge.

MARCUS, Circuit Judge:

The central issue raised on appeal is a question of sequence or ordering: whether the district court should have first addressed Appellant University of South Alabama's ("University") Motion to Remand this diversity case to state court because it lacked subject matter jurisdiction before it turned its attention to the Attorney General of Alabama's Notice of Dismissal under Fed.R.Civ.P. 41(a)(1). Because the district court plainly lacked subject matter jurisdiction to entertain this case, we hold that it improvidently reached a complex question of substantive state law—whether the Attorney General had the power to manage and control complex litigation commenced by the University. Accordingly, we vacate its order of dismissal and remand to the district court with instructions that this cause be remanded to the state court from whence it came.

I.

Appellant University commenced this action on May 19, 1997 in the Circuit Court of Mobile County, Alabama, against Appellees The American Tobacco Company, American Brands, Inc. (now known as Fortune Brands, Inc.), R.J. Reynolds Tobacco Company, RJR Nabisco, Inc., Batus

Tobacco Services, Inc., BAT Industries, P.L.C., British American Tobacco Company, Ltd., Brown & Williamson Tobacco Corporation, Philip Morris Inc. (Philip Morris U.S.A.), Loews Corporation, Lorillard Corporation, The Council for Tobacco Research-U.S.A., Inc. (successor to Tobacco Institute Research Committee), The Tobacco Institute, Inc., Hill & Knowlton, Inc., United States Tobacco Company, and fictitious defendants "A" through "Z" to recover damages for and restitution of the monies expended for unreimbursed medical care arising from tobacco-related illnesses. Specifically, the University brought claims for restitution, unjust enrichment, indemnity, public nuisance, fraud and misrepresentation, conspiracy, and antitrust violations.

On June 17, 1997, Appellees removed the action to federal district court on the basis of diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441 (1994). The following day, June 18, 1997, Appellee R.J. Reynolds filed its answer. Almost immediately thereafter, on June 23, 1997, before any other Appellee had answered, the Attorney General of Alabama filed a Notice of Dismissal pursuant to Fed.R.Civ.P. 41(a)(1). The Attorney General argued that he was the proper plaintiff in this action because the University is an agency and instrumentality of the state subject to the Attorney General's authority to direct and control litigation under Ala.Code § 36-15-21 (1991 & Supp.1997). The University then filed a Motion to Remand on June 26, 1997, alleging lack of subject matter jurisdiction. On July 7, 1997, Appellee R.J. Reynolds filed a "Joinder in Defendants' Memorandum of Law" requesting dismissal by order of the court pursuant to Fed.R.Civ.P. 41(a)(2).

On August 12, 1997, after conducting a hearing on the matter, the district court issued a lengthy final order finding that since the Attorney General had authority under Alabama law to file a Notice of Dismissal in this action, the entire action was dismissed without prejudice pursuant to Fed.R.Civ.P. 41(a)(1). Specifically, the district court found that the Notice of Dismissal filed by the

2

Attorney General immediately dismissed the case as to all Appellees other than R.J. Reynolds Tobacco Company, which previously had filed an answer. *See* Fed.R.Civ.P. 41(a)(1)(i). The district court concluded, however, that the dismissal also was effective as to R.J. Reynolds on July 7, 1997, when the company filed a signed pleading concurring with the Attorney General's Notice of Dismissal. *See* Fed.R.Civ.P. 41(a)(1)(ii). At no point did the court reach the question of its subject matter jurisdiction. This appeal followed.[1]

## II.

We review issues of federal subject matter jurisdiction *de novo*. *See Stovall v. City of Cocoa,* 117 F.3d 1238, 1240 (11th Cir.1997). Similarly, a voluntary dismissal under Fed.R.Civ.P. 41(a)(1) is a question of law subject to *de novo* review. *See Matthews v. Gaither,* 902 F.2d 877, 879 (11th Cir.1990) (per curiam).

## A.

Under Rule 41(a)(1), "an action may be dismissed by the plaintiff without order of the court (i) by filing a notice of dismissal at any time before service of the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action." Fed.R.Civ.P. 41(a)(1). Ordinarily, a Rule 41(a)(1) voluntary dismissal is effective immediately and requires no action by the district court. *See Matthews,* 902 F.2d at 880; *see also Williams v. Clarke,* 82 F.3d 270, 273 (8th Cir.1996)

---

[1]Rule 41(a)(1) voluntary dismissal without prejudice is not ordinarily appealable. *See Construction Aggregates, Ltd. v. Forest Commodities Corp.,* 147 F.3d 1334, 1336 (11th Cir.1998) ("[V]oluntary dismissals, granted without prejudice, are not final decisions.") (citing *Ryan v. Occidental Petroleum Co.,* 577 F.2d 298, 302 (5th Cir.1978)). Because of the unique circumstances of this case, however, the district court's order effectively "terminate[d] the litigation" and was therefore an appealable final order. *Mesa v. United States,* 61 F.3d 20, 21 (11th Cir.1995).

(holding that voluntary dismissal " "render[s] the proceedings a nullity and leave[s] the parties as if the action had never been brought' ") (internal quotation marks omitted). Voluntary dismissal, moreover, normally may precede any analysis of subject matter jurisdiction because it is self-executing and moots all pending motions, obviating the need for the district court to exercise its jurisdiction. *See Nix v. Fulton Lodge No. 2 of the Int'l Ass'n of Machinists,* 452 F.2d 794, 797-98 (5th Cir.1971) (holding that district court could properly consider Rule 41(a)(1) notice of dismissal as to one defendant before addressing motion to dismiss for lack of subject matter jurisdiction).[2]

In the instant case, however, the Attorney General's Notice of Dismissal demanded more than a perfunctory voluntary dismissal analysis. Rather, the notice necessarily required the district court to determine a complex substantive issue of Alabama law. Because the Alabama Attorney General was neither a named plaintiff, nor counsel of record, it was by no means clear that the proper plaintiff had filed a Notice of Dismissal in this proceeding—particularly where the University vigorously contested the Attorney General's power to speak for the plaintiff. Therefore, in order to determine whether the Attorney General's notice satisfied the requirements of Rule 41(a)(1), the district court first had to determine that the University was an agency of the state, that the University was subject to the authority of the Attorney General to control all litigation in the state, and, hence, that the Attorney General had the authority to file a Notice of Dismissal. Plainly, these were substantive rulings concerning Alabama law, albeit unusual in a Rule 41(a)(1) context, that the district court had no authority to make without first determining whether it had subject matter jurisdiction to hear the case. Accordingly, because of the unusual circumstances of the instant case,

---

[2]In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this Court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

4

we conclude that the district court erred in failing to consider Appellant's Motion to Remand for lack of subject matter jurisdiction before it addressed the Attorney General's Notice of Dismissal.

It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction. They are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution," and which have been entrusted to them by a jurisdictional grant authorized by Congress. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir.1994). Congress, however, may " "give, withhold or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution.' " *Marathon Oil Co. v. Ruhrgas,* 145 F.3d 211, 215 (5th Cir.1998) (en banc) (quoting *Kline v. Burke Constr. Co.,* 260 U.S. 226, 234, 43 S.Ct. 79, 82, 67 L.Ed. 226 (1922)), *cert. granted,* 67 U.S.L.W. 3188, 67 U.S.L.W. 3273 (U.S. Dec. 7, 1998) (No. 98-470). And because the Constitution unambiguously confers this jurisdictional power to the sound discretion of Congress, federal courts " "should proceed with caution in construing constitutional and statutory provisions dealing with [their] jurisdiction.' " *Id.* at 216 (quoting *Victory Carriers, Inc. v. Law,* 404 U.S. 202, 212, 92 S.Ct. 418, 425, 30 L.Ed.2d 383 (1971)).

Accordingly, "[w]hen a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *Id.* (citing *Oliver v. Trunkline Gas Co.,* 789 F.2d 341, 343 (5th Cir.1986)). Indeed, such an action unconstitutionally invades the powers reserved to the states to determine controversies in their own courts, *see Victory Carriers,* 404 U.S. at 212, 92 S.Ct. at 425 (quoting *Healy v. Ratta,* 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248 (1934)), as well as "offends fundamental principles of separation of powers," *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 118 S.Ct. 1003, 1012, 140 L.Ed.2d 210 (1998).

5

Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue. As the Supreme Court long ago held in *Ex parte McCardle,* 74 U.S. (7 Wall.) 506, 19 L.Ed. 264 (1868), "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.* at 514; *see also Wernick v. Mathews,* 524 F.2d 543, 545 (5th Cir.1975) ("[W]e are not free to disregard the jurisdictional issue, for without jurisdiction we are powerless to consider the merits.").

A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking. *See Fitzgerald v. Seaboard Sys. R.R.,* 760 F.2d 1249, 1251 (11th Cir.1985) (per curiam); *Wernick,* 524 F.2d at 545; *see also Save the Bay, Inc. v. United States Army,* 639 F.2d 1100, 1102 (5th Cir.1981) (per curiam) (holding that courts must constantly examine the basis of their jurisdiction before proceeding to the merits). Moreover, "[a]n appellate federal court must satisfy itself not only of its own jurisdiction, but also of that of the lower courts in a cause under review." *Mitchell v. Maurer,* 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338 (1934) (citing *Mansfield, C. & L.M. Ry. Co. v. Swan,* 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884)). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could "work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them.' " *Jackson v. Seaboard Coast Line R.R.,* 678 F.2d 992, 1000-01

6

(11th Cir.1982) (quoting *American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 18, 71 S.Ct. 534, 542, 95 L.Ed. 702 (1951)) (internal footnotes and citations omitted).

We add that our removal jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction. Pursuant to 28 U.S.C. § 1441(a) (1994), "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Therefore, when an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims. *See Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1556-57 (11th Cir.1989). For the purposes of this case, that issue turns on whether there is complete diversity of citizenship between the parties. *See* 28 U.S.C. §§ 1332, 1441(b). If there is jurisdiction, then removal is appropriate and the court may proceed to the merits of the case.

However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to the state court from whence it came. 28 U.S.C. § 1447(c). This provision is mandatory and may not be disregarded based on speculation about the proceeding's futility in state court. *See International Primate Protection League v. Administrators of Tulane Educ. Fund,* 500 U.S. 72, 87-89, 111 S.Ct. 1700, 1709-10, 114 L.Ed.2d 134 (1991); *Smith v. Wisconsin Dep't of Agric., Trade and Consumer Protection,* 23 F.3d 1134, 1139 (7th Cir.1994); *see also Bruns v. National Credit Union Admin.,* 122 F.3d 1251, 1257 (9th Cir.1997) (section 1447(c) is mandatory); *Bromwell v. Michigan Mut. Ins. Co.,* 115 F.3d 208, 213 (3d Cir.1997) (same); *Maine Ass'n of Interdependent Neighborhoods v. Commissioner, Me. Dep't of Human Servs.,* 876 F.2d 1051, 1054 (1st Cir.1989) (same). Moreover, a federal court must

7

remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court. *See, e.g., Marathon Oil,* 145 F.3d at 220 (holding that district court should have considered motion to remand for lack of subject matter jurisdiction before it addressed motion to dismiss for want of personal jurisdiction); *Toumajian v. Frailey,* 135 F.3d 648, 655 (9th Cir.1998) (holding that district court should have remanded for lack of subject matter jurisdiction and should not have dismissed on grounds of ERISA preemption); *Avitts v. Amoco Prod. Co.,* 53 F.3d 690, 693 (5th Cir.1995) (per curiam) (holding that district court had no jurisdiction to order interim costs and attorneys' fees where action should have been immediately remanded for lack of subject matter jurisdiction); *Smith,* 23 F.3d at 1139 (holding that district court had no authority to dismiss removed claim without subject matter jurisdiction); *In re Bear River Drainage Dist.,* 267 F.2d 849, 851 (10th Cir.1959) (holding that motion to remand for lack of subject matter jurisdiction necessarily precedes motion to dismiss); *Nichols v. Southeast Health Plan of Ala., Inc.,* 859 F.Supp. 553, 559 (S.D.Ala.1993) (same).

Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court. *See Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994) (citing *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108 (3d Cir.1990); *Coker v. Amoco Oil Co.,* 709 F.2d 1433 (11th Cir.1983)). A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts. For example, in *Marathon Oil,* the district court dismissed an action

on removal from state court for want of personal jurisdiction before reaching the issue of subject matter jurisdiction. 145 F.3d at 215. On rehearing en banc, the Fifth Circuit held that the district court erred in failing to first examine its subject matter jurisdiction and, because jurisdiction was in fact lacking, in failing to remand to state court. *See id.* at 220. The court reasoned that such an approach "accords the proper respect to the state courts, as the residual courts of general jurisdiction, to make the personal jurisdiction inquiry when [federal courts] lack either constitutional or statutory subject-matter jurisdiction over a removed case." *Id.; see also Bromwell,* 115 F.3d at 214 (noting that justiciability is a matter for the state court to decide where case should have been remanded to state court for lack of subject matter jurisdiction rather than dismissed); *Smith,* 23 F.3d at 1139 (declining to speculate on issue of state law where case should have been remanded to state court for lack of subject matter jurisdiction rather than dismissed).

In the instant case, the district court should have resolved the issue of subject matter jurisdiction before reaching the merits of any other issue, particularly where so important and complicated a question of state law involving the power of Alabama's Attorney General was at stake. Although a Notice of Dismissal pursuant to Rule 41(a)(1) normally does not present this concern, the district court unquestionably determined the scope of the Attorney General's authority under Alabama law without first confirming its own jurisdiction to entertain the case. We believe that this course was neither prudent nor supported by principles of comity. Indeed, because the district court was in fact without subject matter jurisdiction, *see infra,* the court's ruling was in essence an advisory opinion. In sum, the district court erred in failing to first address its power to act.

B.

Turning to the merits of the jurisdictional issue, the University of South Alabama is not a citizen of Alabama for the purpose of diversity of citizenship, and as such, Appellant's claims were improvidently removed. The burden of establishing subject matter jurisdiction falls on the party invoking removal. *See Pacheco de Perez v. AT & T Co.,* 139 F.3d 1368, 1373 (11th Cir.1998). A district court has original jurisdiction over all cases between citizens of *different* states when the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a) (1994). Where jurisdiction is predicated on diversity of citizenship, all plaintiffs must be diverse from all defendants. *See Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Moreover, it is well established that a state is not a citizen of a state for the purpose of diversity jurisdiction under 28 U.S.C. § 1332. *See Moor v. Alameda County,* 411 U.S. 693, 717, 93 S.Ct. 1785, 1800, 36 L.Ed.2d 596 (1973) (citing *Postal Tele. Cable Co. v. Alabama,* 155 U.S. 482, 487, 15 S.Ct. 192, 194, 39 L.Ed. 231 (1894)). A public entity or political subdivision of a state, unless simply an "arm or alter ego of the State," however, is a citizen of the state for diversity purposes. *Moor,* 411 U.S. at 717-18, 93 S.Ct. at 1800 (internal citations omitted). Therefore, if a party is deemed to be "an arm or alter ego of the State," then diversity jurisdiction must fail.

In the context of Eleventh Amendment immunity, we have held that state universities are "agencies or instrumentalities" of the state, and thus are immune from suit in federal court. *Harden v. Adams,* 760 F.2d 1158, 1163-64 (11th Cir.1985) (holding that Eleventh Amendment bars suit against Troy State University because it is an agency and instrumentality of the state under Alabama law) (citing *Massler v. Troy State Univ.,* 343 So.2d 1 (Ala.1977); *Ellison v. Abbott,* 337 So.2d 756 (Ala.1976)); *see Davis v. Alabama State Univ.,* 613 F.Supp. 134, 139-40 (M.D.Ala.1985) (holding that Eleventh Amendment bars suit against Alabama State University because it is identical to Troy

10

State University in all relevant respects); *see also United States v. Alabama,* 791 F.2d 1450, 1456-57 (11th Cir.1986) (holding that a state university is a creature of the state and has no standing under § 1983 or Title VI to seek an injunction against the state Board of Education). Moreover, Alabama state courts have repeatedly held that Appellant University is an agency of the state entitled to sovereign immunity under the Alabama Constitution. *See Sarradett v. University of S. Ala. Med. Ctr.,* 484 So.2d 426 (Ala.1986); *Williams v. Nolin,* 484 So.2d 428 (Ala.1986); *Breazeale v. Board of Trustees of the Univ. of S. Ala.,* 575 So.2d 1126 (Ala.Civ.App.1991). Although the question of diversity jurisdiction is distinct from that of immunity, *see Parks v. Carriere Consol. Sch. Dist.,* 12 F.2d 37, 38 (5th Cir.1926), we have also held that the Eleventh Amendment immunity analysis is applicable to determinations of citizenship for the purpose of diversity jurisdiction. *See Coastal Petroleum Co. v. U.S.S. Agri-Chems.,* 695 F.2d 1314, 1318 (11th Cir.1983) (holding that the analysis to determine whether a Florida Board of Trustees is a "citizen" for the purpose of diversity jurisdiction is the same analysis used to determine whether the entity could invoke Eleventh Amendment immunity); *Alabama State Univ. v. Baker & Taylor, Inc.,* 998 F.Supp. 1313, 1316 (M.D.Ala.1998) (applying Eleventh Amendment analysis to diversity jurisdiction and holding that ASU and Alabama A & M are "alter egos" of the state and are not state citizens for diversity purposes).

Based on this unambiguous precedent, we conclude that the University is an instrumentality of the state, not a citizen of the state of Alabama, for the purpose of diversity jurisdiction. Therefore, Appellees have failed to establish subject matter jurisdiction to support their removal of Appellant's claims. We add, in light of the significant federalism concerns raised by removal and the principle that all doubts about jurisdiction should be resolved in favor of remand, *see supra,* that

11

it would be more prudent to remand this case pursuant to 28 U.S.C. § 1447(c) and provide the state court with the opportunity to resolve this unique and complicated question of state law.

III.

Since the district court lacked subject matter jurisdiction over this action, it was without authority to rule on the efficacy of the Attorney General's Notice of Dismissal. Accordingly, the order of the district court must be and is VACATED and this matter is REMANDED to the district court with instructions to remand this action to the state court from whence it came.