David **SCHEINBLUM**, et al.  **Plaintiffs**

v.

**LAUDERDALE COUNTY BOARD OF SUPERVISORS, et al.**
**Defendants**

**No. CIV.A.4:04 CV 130LN.**

United States District Court,
S.D. Mississippi,
Eastern Division.

Dec. 10, 2004.

---

744

Nichon Shannon, Winston James Thompson, III, Thompson & Associates, Ridgeland, MS, for Plaintiffs.

Michael W. Strahan, John Richard Barry, Steven A. Kohnke, Bourdeaux & Jones, Meridian, David Watkins Mockbee, Mockbee, Hall & Drake, PA, Jackson, MS, for Defendants.

### MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on motion of defendants Lauderdale County Board of Supervisors, Neal Carson and Terrell Temple to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiffs David and Carissa Scheinblum, Robert and Sandra Quinlisk, and Gregory Sims have responded in opposition. Having considered the memoranda and submissions of the parties, the court concludes that defendants' motion to dismiss should be granted in part and denied in part as set forth herein.

On July 8, 2004, fifteen plaintiffs filed suit against the Lauderdale County Board of Supervisors and two engineers, Neal Carson and Terrell Temple, after plaintiffs suffered damage to their homes and personal property following two floods in April 2003 of the Eagle Pointe Villas subdivision in Meridian, Mississippi.[1] Plaintiffs contend that the flooding they experienced was the result of negligence on the part of the developers, the board of supervisors and the engineers involved in the design, approval and construction of the subdivision.[2] On August 6, 2004, prior to the filing of any responsive pleading, plaintiffs filed a notice of voluntary dismissal, in which ten plaintiffs dismissed their claims against defendants. These ten plaintiffs, like defendants, are all residents of Mississippi, while the remaining five defendants do not reside in Mississippi.

On August 16, 2004, defendants filed the instant motion to dismiss for lack of jurisdiction, contending that diversity jurisdiction did not exist at the time of the filing of the complaint in this matter. In response, plaintiffs argue that jurisdictional defects relating to diversity of citizenship can be cured by dismissal of dispensable non-diverse parties.

■ Defendants are correct that the "time-of-filing" rule, which "measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing," is well established. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 124 S.Ct. 1920, 1924, 158 L.Ed.2d 866 (2004). However, plaintiffs are equally correct that courts have "authority to cure a jurisdictional defect by dismissing a dispensable nondiverse party." *Id.* at 1925; *see Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996); *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989). Here, ten plaintiffs voluntarily dismissed their claims pursuant to Federal Rule of Civil Procedure 41(a)(1), which requires no action by this court. *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir.1999) ("Ordinarily, a Rule 41(a)(1) voluntary dismissal is effective immediately and requires no action by the district court."). "The effect of the filing of [plaintiffs'] notice of dismissal pursuant to Rule 41(a)(1)(i) 'is to leave the parties as though no action had been brought.'" *Duke Energy Trading and Marketing, L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir.2001)(quoting *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir.1999)). As such, the court concludes that plaintiffs' voluntary dismissal of the ten nondiverse plaintiffs in the instant action cured any jurisdictional defect, and accordingly, this court has jurisdiction over the remaining five nonresi-

---

1. According to the general allegations portion of plaintiffs' complaint, defendants played the following roles in the instant suit: the Lauderdale County Board of Supervisors approved the Eagle Pointe Villa subdivision map; Carson, in his role as County Engineer/Road Manager, was responsible for reviewing subdivision maps submitted by private engineers to ensure compliance with county regulations; and Temple, principal owner of Engineering Plus of East Mississippi, Inc., was retained as County Engineer over Lauderdale County's road and bridge projects that are funded by the Office of State Aid Road Construction (OSARC). Plaintiffs claim the subdivision has flooded three times since its approval and construction in 1997.

2. Plaintiffs also filed suit in the Circuit Court of Lauderdale County against the subdivision developers and three engineers, including Carson and Temple. Plaintiffs filed a motion in federal court to consolidate their state and federal actions, which was denied by Magistrate Judge Nicols on August 4, 2004.

dent plaintiffs as they proceed against these resident defendants.[3]

As an alternative argument, defendants have moved to dismiss asserting that plaintiffs' claims are barred by the statute of repose and/or the statute of limitations. As to the statute of limitations issue, defendants assert that plaintiffs' claims are barred by § 11–46–11(3), which provides that "[a]ll actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortuous, wrongful or otherwise actual conduct in which the liability phase of the action is based." Miss.Code Ann. § 11–46–11(3). Defendants argue that because plaintiffs are alleging wrongdoing with respect to the review and approval of the subdivision plan, which undisputedly took place on May 15, 1997, clearly more than one year has passed since the date of the alleged conduct. In response, plaintiffs argue only that each plaintiff filed a notice of claim with the appropriate statutory officials in December 2003 or January 2004 and that the filing of such notice of claim tolls the applicable statute of limitations. *Id.* It is true that the filing of a notice of claim tolls the applicable statute of limitations. However, in order to accept plaintiffs' argument, the court must reject defendants' contention that the alleged wrongful conduct took place May 15, 1997, and presumably, though plaintiffs have failed to argue such, the court must instead hold that the event giving rise to plaintiffs' cause of action was the flooding experienced in April 2003, rather than the approval of the subdivision map in 1997.

In *Punzo v. Jackson County,* 861 So.2d 340 (Miss.2003), the plaintiff experienced flooding of his home after Jackson County performed modifications on a bridge and surrounding area downstream from his home. The modifications were performed in 1991 and 1992; Punzo experienced flooding in 1995, 1998 and 2001, learned of the bridge modifications in 1998, and filed his notice of claim in 1999. The County argued that the statute ran from the date the bridge modifications were completed, and the trial court agreed, granting partial summary judgment. On appeal, the Mississippi Supreme Court reversed, holding that the discovery rule applied to Punzo's claim. Moreover, the court accepted Punzo's argument that the court should look to the discovery of the cause of the injury, rather than the date of the injury itself, because the cause of the flood was not readily apparent or obvious. The court explained,

> where an injury or disease is latent, a determination of when the statute of limitation begins to run focuses not on the time of the negligent act or omission, but on when the plaintiff discovers the injury or disease. Moreover, knowledge that there exists a causal relationship between the negligent act and the injury or disease complained of is essential because "it is well-established that prescription does not run against one who has neither actual nor constructive notice of facts that would entitle him to bring an action."

*Id.* at 345 (quoting *Barnes v. Singing River Hosp. Sys.,* 733 So.2d 199, 204 (Miss. 1999)). Based on the holding in *Punzo,* this court is of the opinion that the one-

---

**3.** *See* 8 Moore's Federal Practice § 41.21[4] ("Because Rule 41(a) permits· dismissal of particular parties, a dispensable nondiverse party may be dismissed to preserve the court's diversity jurisdiction. The same result may be reached by dropping a party under Rule 21 or by amending the complaint to delete the nondiverse party under Rule 15(a). Which one of these procedural mechanisms is employed to preserve jurisdiction is generally immaterial.").

year statute of limitations began to run, not when the subdivision map was approved by the defendants in 1997, but either when plaintiffs experienced flooding in April 2003, or alternatively, when plaintiffs discovered that the flooding resulted from the design of the subdivision, presumably sometime after April 2003. As such, plaintiffs claims are not time-barred based on the statute of limitations.

As to the statute of repose, defendants argue that an action to recover damages arising out of "the design, planning, supervision or observation of construction, or construction of an improvement to real property" may not be filed "more than six years after the written acceptance or actual occupancy of use, whichever occurs first, of such improvement." Miss.Code Ann. § 15–1–44. Defendants contend that because the subdivision map was approved on May 15, 1997, the statute of repose would have expired on May 15, 2003, and thus, plaintiffs' suit, filed July 8, 2004, is barred.

In response to this argument, plaintiffs maintain that defendants are not entitled to the protection of the statute of repose because whereas the statute applies to individuals involved in the design, planning, supervision or observation of construction of improvements to real property, plaintiffs have alleged that defendants failed to perform governmental duties related to the evaluation and approval of the subdivision plans and maps in conformance with Lauderdale County Subdivision Regulations. Specifically, plaintiffs claim that defendants "haphazardly" approved the subdivision plans, despite the fact that the plans violated the Lauderdale County Subdivision Regulations.

■ A review of plaintiffs' complaint confirms that their allegations with respect to the Board of Supervisors and Carson are limited to their respective roles in the review and approval of the subdivision map submitted by the developer. The court is of the opinion that these functions would not be covered by the statute of repose, in that a subdivision map does not constitute an improvement to real property, and therefore, plaintiffs' allegations with respect to the Board of Supervisors and Carson are not barred.

■■ However, in count three of their complaint, plaintiffs assert that defendant Temple was negligent in designing two improvements, a bridge and a road, both of which are part of the subdivision. Based on the language of § 15–1–41, the court finds that any claims plaintiffs have asserted against Temple related to his design of the road and bridge constructed within the Eagle Pointe subdivision are subject to the six-year statute of repose, and presuming that his design activities took place prior to subdivision approval and construction in 1997, such claims are time-barred. Nevertheless, count three also references Temple's "duty to approve only those designs and/or plans that conformed to the Lauderdale County Regulations and the OS-ARC standards." As such, plaintiffs' claims related to Temple's role in the approval process, like their claims asserted against Carson and the Board of Supervisors, are not subject to § 15–1–41. In summary, the court concludes that plaintiffs' allegations of negligence on the part of Carson, Temple and the Board of Supervisors as to the review and approval of the subdivision map are not subject to dismissal based on the statute of repose.

Finally, defendants argue that Carson and Temple should be dismissed from the instant action because plaintiffs have filed state court actions against Carson and Temple, as well as several other parties involved in the design and construction process. Defendants contend that plaintiffs should not be allowed to subject the

same defendants to a "renewed effort against them in federal court." Plaintiffs respond that the state court actions are negligence actions against those parties challenging the planning, construction and design of the subdivision, while the instant action was filed against government officials based on their role in the approval process and their alleged failure to enforce Lauderdale County Subdivision Regulations. As previously noted by the court, plaintiffs' claims against these defendants, in light of the statute of repose, are limited to their roles in the review and approval process, rather than any role they may have played in the design and construction process. As such, the court is not persuaded that Carson and Temple should be dismissed from this suit.

Based on the foregoing, defendants' motion to dismiss is granted in part and denied in part as set forth herein.