[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

-----------------------------------------

No. 04-13926
Non-Argument Calendar

-----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 6, 2005
THOMAS K. KAHN
CLERK

D.C. Docket  No. 03-00232-CV-RWS-2

MAR-JAC POULTRY, INC.,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

-----------------------------------------------------------------

**Appeal from the United States District Court
for the Northern District of Georgia**

-----------------------------------------------------------------

**(October 6, 2005)**

Before EDMONDSON, Chief Judge, HULL and WILSON, Circuit Judges.

PER CURIAM:

Mar-Jac Poultry, Inc. appeals the district court's denial of its motion to hold the government in contempt for including details in a responsive pleading about Mar-Jac's alleged involvement in illegal acts. The appeal now is moot: we lack jurisdiction to hear the appeal and remand for the district court to dismiss for lack of subject matter jurisdiction.

Mar-Jac began this proceeding in 2003 when it filed a Fed.R.Crim.P. 41(g) motion for return of property (books, records, and files) seized by the government from Mar-Jac's offices in connection with a criminal investigation into illegal money laundering and providing financial assistance to terrorist groups. Mar-Jac argued that the facts alleged in the affidavit used to obtain the search warrant did not show that probable cause existed for the search.

The government opposed this motion. In reply, Mar-Jac raised, for the first time, several serious allegations of misconduct about the affidavit and the criminal investigation, including a claim that the government lied by claiming that Mar-Jac had made international fund transfers. On 15 January 2004, the district court granted the government's motion for leave to file a supplemental opposition, "provided that the Supplemental Opposition contains no details of the pending investigation of Mar-Jac."

2

The government submitted three copies of its supplemental opposition: one to the judge, containing both ex parte and sealed information; one to Mar-Jac, containing sealed information; and one to the clerk's office, with the ex parte and sealed information redacted, but with information from its investigation refuting Mar-Jac's claim that the government lied about Mar-Jac making international fund transfers. Mar-Jac moved to seal the government's opposition. Mar-Jac asserted that the district court had allowed filing of the supplemental opposition only to the extent that it revealed no details of the pending investigation, but that the copy it received and the copy filed with the clerk's office contained such details. The district court granted this motion; it ordered the supplemental oppositions and the attached exhibits placed under seal until further order of the court.

Mar-Jac then moved the district court to hold the government in civil contempt for disregarding the court's order forbidding the supplemental opposition to contain details of the pending investigation of Mar-Jac. Mar-Jac asked the district court to render a determination of "coercive civil contempt" to force the government to comply with the district court's 15 January 2004 order. Mar-Jac requested that the government "be ordered to withdraw its Supplemental Opposition filings, and to submit a pleading in compliance with" the district court's order.

3

In May 2004, the district court denied Mar-Jac's Rule 41 motion for return of seized property.[1] Mar-Jac did not appeal the denial of this motion. In June 2004, the court denied Mar-Jac's motion for contempt. The court then ordered unsealed the version of the supplemental opposition filed with the clerk's office. The district court denied Mar-Jac's motion for reconsideration of denial of the contempt motion. Mar-Jac appealed the denial of the contempt motion and of the motion for reconsideration.

Mar-Jac argues on appeal that the district court abused its discretion in refusing to hold the government in contempt for including improper information in the supplemental opposition to Mar-Jac's motion for return of property. The government counters that Mar-Jac's claim is moot and that we lack jurisdiction over the appeal. We agree with the government.

"We review issues of federal subject matter jurisdiction de novo." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 408 (11th Cir. 1999). "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs., 225 F.3d 1208, 1217 (11th Cir. 2000) (citation omitted).

---

[1] The district court noted that the government by that time had returned all seized original documents to Mar-Jac, but that Mar-Jac wished the return of the copies of those documents.

4

"When events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief, the case is moot and must be dismissed." Id. The question of mootness is jurisdictional in nature: we may examine it at any time, "regardless of whether the district court considered it." Nat'l Adver. Co. v. City of Miami, 402 F.3d 1329, 1331-32 (11th Cir. 2005).

Here, Mar-Jac brought a coercive civil contempt proceeding against the government. Mar-Jac sought to have the government comply with the district court's 15 January 2004 order: Mar-Jac requested that the government "be ordered to withdraw its Supplemental Opposition filings, and to submit a pleading in compliance with" the district court's order. Mar-Jac concedes that, in the light of the district court's decision to unseal the challenged supplemental opposition, retraction of the pleading now would be "ineffectual."[2] Thus, the district court no longer can give the "meaningful relief" that Mar-Jac requested through the civil contempt proceeding it initiated. See Fla. Ass'n of Rehab. Facilities, 225 F.3d at 1217.

Mar-Jac asserts in its reply brief that we could order the district court to allow Mar-Jac compensatory relief for the alleged losses it suffered to its business

---

[2]Because of Mar-Jac's concession, we do not consider whether retraction of the allegedly contemptuous pleading at this point could constitute meaningful relief.

reputation as a result of the government's pleading.  See E.E.O.C. v. Guardian

Pools, Inc., 828 F.2d 1507, 1515 (11th Cir. 1987) (stating that, where purpose of

contempt sanction is compensation, a fine is imposed that generally is payable to

the complainant).  The problem is that Mar-Jac at no time asked the district court

for compensatory relief: instead, Mar-Jac's contempt proceeding was coercive --

not compensatory -- in nature.  Mar-Jac only has argued for compensatory relief

for the first time in its reply brief.  We do not consider this argument.  See Access

Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330-31 (11th Cir. 2004)

(refusing to address issue not raised in the district court).

And we are mindful that Mar-Jac's proceeding to compel the return of

property seized by the government -- the proceeding out of which the coercive

civil contempt proceeding arose -- has been terminated.  See Petroleos Mexicanos

v. Crawford Enter., Inc., 826 F.2d 392, 400 (5th Cir. 1987) (writing that, if civil

contempt proceeding is coercive, "the general rule is that it is mooted when the

proceeding out of which it arises is terminated"; but if civil contempt proceeding

is compensatory, "the termination of the underlying action out of which the

contempt hearing arose does not moot the contempt proceeding").

In sum, Mar-Jac's appeal of the denial of its motion to hold the government

in civil contempt now is moot: the district court  no longer can grant the

6

meaningful relief that Mar-Jac requested; and the underlying return-of-property

proceeding has been terminated.  Mar-Jac's civil contempt proceeding is moot: we

lack jurisdiction over, and must dismiss, this appeal.  See Nat'l Adver. Co., 402

F.3d at 1332.

**VACATED and REMANDED,** with instructions to DISMISS for lack of

subject matter jurisdiction.