COX, Circuit Judge,
dissenting:
The majority opinion rests on a faulty premise: that, in deciding the prior appeal in this case, this court did not decide whether Peru is entitled to sovereign immunity. The court holds that Guevara I decided only the question of whether Peru’s offer of the reward constituted commercial activity. But that is incorrect. *1311 Guevara I held that FSIA’s commercial activity exception applies to exempt Peru from the general immunity granted by the statute to foreign sovereigns. 468 F.3d at 1292 (“This appeal presents the issue of whether a foreign state’s offer of a reward in return for information enabling it to locate and capture a fugitive falls within the Foreign Sovereign Immunities Act’s commercial activity exception to sovereign immunity. For the reasons that follow, we conclude that it does.”); id. at 1299 (“The question in this appeal is whether Guevara can use the courts of this country to compel Peru to keep its contractual promise to pay him the money it offered.”).
The commercial activity exception states:
(a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case-
(2) in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States[.]
28 U.S.C. § 1605(a)(2). In deciding that the statutory exception applies to Peru’s actions, the Guevara I court decided more than that Peru had engaged in commercial activity; the court necessarily decided that a nexus existed between that commercial activity and the United States. It implicitly held that the commercial activity was carried on in the United States, that an act was performed in the United States in connection with commercial activity elsewhere, or that a direct effect of the commercial act was caused in the United States.
Most importantly, the Guevara I court explicitly decided that there was no immunity available to Peru under the FSIA. In explaining that the individual defendants were not entitled to sovereign immunity because any such immunity would be derivative of the sovereign state’s immunity, the opinion says:
There is no present need to review the district court’s conclusion that the individual defendants were acting within the scope of their authority. Even if they were, they are not entitled to sovereign immunity because the sovereign itself is not.
Guevara I, 468 F.3d at 1305 (emphasis added).
Guevara I did not implicitly leave open the question of subject matter jurisdiction, remanding the case for the district court to decide that question. In claiming that it did, the majority opinion takes a statement in the Guevara I opinion out of context. Guevara I reversed the district court’s dismissal of the case on subject matter jurisdiction grounds and remanded the case with the sole instruction that personal jurisdiction over the individual defendants could be examined by the district court. Id. at 1305-06. In explaining what the district court had already done and why the district court had not considered the personal jurisdiction arguments of the individual defendants, the Guevara I opinion said, “If the court finds that it does not have subject matter jurisdiction, ‘the court’s sole remaining act is to dismiss the case for lack or jurisdiction.’ ” Id. at 1305 (citations omitted).[28] Contrary to the ma *1312 jority opinion’s assertion, the quoted statement is not an indication to the district court that, on remand, it should reconsider subject matter jurisdiction.
Guevara I’s holding that the commercial activity exception to sovereign immunity applies to Peru’s activities is a holding that subject matter jurisdiction exists over this case pursuant to the FSIA. That is the law of this case, notwithstanding the fact that the Guevara I opinion did not explicitly address the nexus between Peru’s commercial activities and the United States. See EEOC v. Int’l Longshoremen’s Ass’n, 623 F.2d 1054, 1058 (5th Cir.1980) (noting that the law of the case doctrine applies to “things decided by necessary implication as well as those decided explicitly.”) (quotation and citation omitted); Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) (adopting as precedent decisions of the Former Fifth Circuit handed down prior to the close of business on September 30, 1981). The district court did not err in so finding, and this panel cannot properly revisit the question. See Free v. Abbott Labs., Inc., 164 F.3d 270, 272-273 (5th Cir.1999)[29] (joining other circuits in refusing to recognize a “jurisdiction exception” to the law-of-the-case doctrine; explaining that although a federal court must examine each case to determine whether it has subject-matter jurisdiction, this does not require “perpetual re-examination of precisely the same issue of subject matter jurisdiction”); see also McKesson Corp. v. Islamic Republic of Iran, 52 F.3d 346, 350 (D.C.Cir.1995) (applying the law-of-the-case doctrine to a prior appeals panel’s ruling concerning the existence of subject matter jurisdiction); *1313 Hanna Boys Center v. Miller, 853 F.2d 682, 686 (9th Cir.1988) (same).
Although I disagree with the majority’s conclusion that the FSIA bars Guevara’s suit, I have reservations about the propriety of resolving this dispute in the courts of this country. Dismissal pursuant to the discretionary doctrine of international comity, rather than dismissal for want of jurisdiction, may be the appropriate way to dispose of this case.[30] The Peruvian government created the reward and the Special High Level Committee charged with administering the reward. After considering Guevara’s claim to the reward, the Committee rejected his claim. I suspect it would violate international comity for United States courts to review that decision.

. The full section of the opinion containing the quoted statement reads as follows:
*1312 The individual defendants contend that we ought to affirm the judgment dismissing them from the lawsuit anyway, on the ground that the district court lacked personal jurisdiction over them. The district court, having found that they were entitled to sovereign immunity, dismissed their challenge to personal jurisdiction as moot. That result followed from the district court's conclusion that the defendants were immune under the FSIA, which limits the subject matter jurisdiction of the federal courts. 28 U.S.C. § 1604 (stating that if the Act applies, "a foreign state shall be immune from the jurisdiction of the courts of the United States”). "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.” Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir.1999). If the court finds that it does not have subject matter jurisdiction, "the court’s sole remaining act is to dismiss the case for lack of jurisdiction.” Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir.2000).
Because we disagree with the district court that the FSIA bars Guevara’s suit, the individual defendants’ motion to dismiss for lack of personal jurisdiction is again relevant. However, the district court should have the first opportunity to resolve it. Defendants cite SEC v. Chenery Corp., 318 U.S. 80, 88, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1943), for the proposition that we must affirm the decision of a district court if it reached the correct result but for the wrong reason. The Chenery case notes that this rule does not apply "where the correctness of (he lower court’s decision depends upon a determination of fact.” Id. Our own decisions are to the same effect. See Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1372 n. 5 (11th Cir.1998) ("We are mindful of the general rule that a court of appeals will not consider issues not reached by the district court, especially where the issues involve questions of fact.”); Stewart v. Dep't of Health and Human Servs., 26 F.3d 115, 115-16 (11th Cir.1994) (same). The "minimum contacts” prong of the personal jurisdiction inquiry is necessarily case and. fact specific. We decline to take up that issue without the benefit of factfindings from the district court. Vidal and Rospigliosi may reassert on remand the issue of the district court’s jurisdiction over their persons.
Guevara I, 468 F.3d at 1305-06.

. Affirmed by an equally divided court, 529 U.S. 333, 120 S.Ct. 1578, 146 L.Ed.2d 306 (2000).

. International comity is an abstention doctrine. “A federal court has jurisdiction but defers to the judgment of an alternative forum.” Ungaro-Benages v. Dresdner Bank AG, 379 F.3d 1227, 1237 (11th Cir.2004) (citing Turner Entm't Co. v. Degeto Film, 25 F.3d 1512, 1518 (11th Cir.1994)).