[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12571
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 28, 2010
JOHN LEY
CLERK

D.C. Docket No. 0:10-cv-60565-PCH

ALLEN F. STEWART,
T.A.S.,
a minor child,

Plaintiffs-Appellants,

versus

ELIZABETH ONEILL LASTAITI,
JOHN LAWRENCE SULLIVAN,
SUSAN GREENHAWT,
JENNIFER SARAH WALKER,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 28, 2010)

Before HULL, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Allen F. Stewart, proceeding pro se, appeals the district court's dismissal of his motion to alter or amend judgment, brought pursuant to Fed.R.Civ.P. 59(e). The district court's underlying judgment dismissed sua sponte for lack of subject matter jurisdiction Stewart's 42 U.S.C. § 1983 action alleging violations of 28 U.S.C. §§ 1738A-1738B and the Full Faith and Credit Clause of the United States Constitution. On appeal, Stewart argues that the district court erred in dismissing his motion because the district court incorrectly concluded that it lacked subject matter jurisdiction, and that it has jurisdiction under the Full Faith and Credit Clause. After careful review, we affirm.

We review the denial of a Rule 59(e) motion for abuse of discretion. Lambert v. Fulton County, Ga., 253 F.3d 588, 598 (11th Cir. 2001). The only grounds for a district court to grant a motion to alter or amend judgment are new evidence and manifest error. Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quotation and alteration omitted).

District courts are courts of limited jurisdiction, "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution." Univ. of S. Alabama v. Amer. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 2009) (quotation omitted). A district court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed.R.Civ.P. 12(h)(3). Although we are obligated to liberally construe a pro se complaint, that obligation "is not the equivalent of a duty to re-write it for the plaintiff." Snow v. Direct TV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (quotation and alteration omitted).

Title 28, section 1331 of the United States Code provides, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Whether a claim arises under federal law for purposes of 28 U.S.C. § 1331 is generally determined by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Smith v. GTE Corp., 236 F.3d 1292, 1310 (11th Cir. 2001) (quotation and alteration omitted). The Supreme Court has held that neither the Full Faith and Credit Clause nor 28 U.S.C. § 1738A, the Parental Kidnaping Prevention Act ("PKPA"), creates a federal cause of action for purposes of § 1331 jurisdiction. See

3

Thompson v. Thompson, 484 U.S. 174 (1988). In announcing that holding, the Court implied, in dicta, that its reasoning extends to 28 U.S.C. § 1738B, the Full Faith and Credit for Child Support Orders Act ("FFCCSOA"). Id. at 182. ("[T]he Full Faith and Credit Clause, in either its constitutional or statutory incarnations, does not give rise to an implied federal cause of action.").

In considering the claims in Stewart's complaint, the district court properly concluded that it lacked subject matter jurisdiction. The Supreme Court has held that the Full Faith and Credit Clause does not confer subject matter jurisdiction on the district courts. Id. Accordingly, we conclude that the district court did not err in dismissing the complaint for lack of jurisdiction, and therefore, did not err in denying Stewart's Rule 59(e) motion to alter or amend that judgment.

**AFFIRMED**