In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 17-10625

Non-Argument Calendar

_____

CHRISTY GALENZA,
ALEX ANDRIA ROWE,
PORTIA RUSSELL,

Plaintiffs-Appellees,

*versus*

6420 ROSWELL RD., INC.,
d.b.a. Flashers,
HARRY FREESE,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:16-cv-03453-RWS

_____

Before WILLIAM PRYOR, Chief Judge, WILSON and BRASHER, Circuit Judges.

PER CURIAM:

A Georgia corporation, 6420 Roswell Rd., Inc., doing business as Flashers, appealed on its behalf and that of its president, Harry Freese, an order compelling them to arbitrate former employees' claims for back pay under the Fair Labor Standards Act, 29 U.S.C. § 216. *See* 9 U.S.C. § 4. We dismiss the appeal as moot.

We are obligated *sua sponte* to inquire into subject-matter jurisdiction whenever it may be lacking. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). The jurisdiction of the federal courts is limited to actual cases and controversies. *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). "This case-or-controversy limitation serves" to "limit[] the business of federal courts to questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process . . . ." *Id.* at 395–96 (internal quotation marks omitted). An appeal becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the

outcome." *Id.* at 396. A federal court cannot resolve a dispute un-less "[t]he requisite personal interest that . . . exist[s] at the com-mencement of the litigation (standing) . . . continue[s] throughout its existence (mootness)." *Id.* (quoting Monaghan, *Constitutional Adjudication: The Who and When*, 82 Yale L.J. 1363, 1384 (1973)).

The situation changed after Roswell Rd. and Freese filed their appeal. Roswell Rd. petitioned for bankruptcy, and we stayed the appeal. Later, Freese also petitioned for bankruptcy. While the bankruptcy cases were pending, Freese died. Roswell Rd. has been administratively dissolved and liquidated.

We reinstated the appeal and ordered the parties to address whether the appeal was moot due to Freese's death and the Ro-swell Rd. bankruptcy and whether Freese had a personal repre-sentative to substitute as a party in the appeal, Fed. R. App. P. 43(a). Bankruptcy counsel for Freese and his corporation filed the only response. Counsel states that the appeal is moot because Roswell Rd. is no longer a going concern, Freese and his appellate counsel have died, counsel for the former employees has died, and there is no known representative to substitute in the appeal.

This appeal is moot. The interest that Roswell Rd. and Freese had in overturning the order compelling arbitration has ex-tinguished. And they apparently have no representative to assume their interests. *See id.* Because the appellants' lack of a continuing interest in the outcome of this appeal divests this Court of jurisdic-tion, we dismiss the appeal as moot.

4                    Opinion of the Court                    17-10625

**APPEAL DISMISSED AS MOOT.**