In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11057

_____

ANTONIO U. AKEL,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:21-cv-01156-LC-MAL

_____

Before NEWSOM and ABUDU, Circuit Judges.

BY THE COURT:

Antonio Akel appeals the dismissal of his second 28 U.S.C. § 2255 motion to vacate his convictions and sentence, which he filed after his first § 2255 motion was adjudicated and his sentence was amended. The district court dismissed the second motion for lack of subject matter jurisdiction upon Akel's request. We asked the parties to address whether Akel has standing to challenge this dismissal that he requested. Upon review of the record and the parties' responses to the jurisdictional question, we conclude that Akel has standing to challenge only part of the district court's order dismissing his second § 2255 motion.

A magistrate judge reviewed the second § 2255 motion, which asserted 12 claims, or grounds, for relief. The magistrate judge issued an order finding that the district court lacked jurisdiction over the claims relating to Akel's original trial, sentencing, and appeal—which represented 8 of the 12 claims—because they were successive and Akel needed prior authorization from this Court to pursue them. The magistrate judge found that the four remaining claims, which appeared to focus on errors relating to Akel's resentencing, were not barred from collateral review and directed Akel to file an amended § 2255 motion that omitted the eight jurisdictionally barred claims. The district court denied Akel's objection to the magistrate judge's order, concluding that the order was "neither clearly erroneous nor contrary to law" and that Akel's sentence reduction did not provide him with the opportunity to file

successive or duplicitous § 2255 claims.  While the district court did not, in that order, dismiss the claims it had found jurisdictionally barred, it returned the matter to the magistrate judge, who again directed Akel to file an amended § 2255 motion that omitted the barred claims.  Akel then filed his motion to dismiss the § 2255 proceedings.

Although a prevailing party does not generally have standing to appeal, the district court had an obligation to inquire into its subject matter jurisdiction over Akel's second § 2255 motion.  *See* *Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1353-54 (11th Cir. 2003) (noting that an adverseness requirement applies in the appellate setting such that "[o]nly a litigant who is aggrieved by the judgment or order may appeal").  Before Akel filed his motion to dismiss, the district court concluded that it lacked subject matter jurisdiction over 8 of the 12 claims Akel raised in his second § 2255 motion.  Therefore, the district court had an obligation to dismiss those claims, irrespective of Akel's motion to dismiss.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue . . . [and] the only function remaining to the court is that of announcing the fact and dismissing the cause." (quotation marks omitted)).  However, the district court concluded that it had jurisdiction over the other four claims in the second § 2255 motion and told Akel he could pursue them, yet Akel's motion to dismiss sought to dismiss the entire

4                          Order of the Court                    23-11057

motion.  Akel thus lacks appellate standing to challenge the dismissal of those four claims.

Accordingly, this appeal is DISMISSED, in part, as to the dismissal of the four claims over which the district court determined that it had jurisdiction.  The appeal may proceed only as to the dismissal of the eight claims over which the district court determined that it did not have jurisdiction.