[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10074

Non-Argument Calendar

_____

RAZVAN RUSOVICI,

Plaintiff-Appellant,

*versus*

UNIVERSITY OF CENTRAL FLORIDA,
through its Board of Trustees, et al.,

Defendants,

MARCY VERDUIN,
in her official and individual capacity,

2                     Opinion of the Court                     24-10074

DOE DEFENDANTS 1-20

in their official and individual capacity,
THE UNIVERSITY OF CENTRAL FLORIDA
BOARD OF TRUSTEES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cv-02172-ACC-EJK

_____

Before WILSON, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Razvan Rusovici is a former student at the University of Central Florida (UCF) College of Medicine who withdrew his enrollment one day before he was scheduled to have a formal hearing about cheating allegations against him. Proceeding *pro se* before this court, Rusovici appeals the district court's dismissal of his complaint against UCF, its Associate Dean of Students, Dr. Marcy Verduin, and unnamed members of the UCF Board of Trustees (together, Defendants). After thorough review of the record, we affirm the district court's dismissal.

## I.

Rusovici was a medical student at UCF on January 27, 2020, when he took a digital exam in a classroom using ExamSoft software. Following the exam, two proctors accused him of academic misconduct based both on his behavior during the exam as well as ExamSoft data, which reported that he answered 35 of the 114 multiple choice test questions within 15 seconds of the student in front of him. On February 19, Rusovici was informed of this possible honor code violation. On February 21, he attended an initial hearing where he explained to the student conduct council that in his eastern European culture, prolonged eye contact was impolite, and they should not take that as a sign of deceit. Then, on February 25, Rusovici was informed that a formal hearing had been scheduled for March 6. On March 2, he was provided with his ExamSoft data, which he requested a one-week extension to review. The request was granted, and the hearing was re-scheduled for March 13. Then, on March 12—one day before the rescheduled formal hearing—Rusovici reached out to Verduin, seeking an "informal resolution" pursuant to the UCF Program Honor Code. Verduin denied this request, and Rusovici withdrew his enrollment the same day.

Rusovici subsequently filed suit, arguing that as a direct result of Defendants' actions, his academic prospects, earning potential, and reputation were severely harmed. Rusovici argued that he had property and liberty interests in continuing his medical education at UCF and was denied a fair and impartial process for evaluating his alleged honor code infraction, amounting to a violation of

his due process under 42 U.S.C. § 1983. He also alleged that the student conduct council intentionally discriminated against him by not considering his cultural differences concerning eye contact in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. Defendants moved to dismiss, and the district court granted the motion. Rusovici timely appealed.

## II.

We review a district court's order granting a motion to dismiss de novo, accepting all facts in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). Rule 12(b)(6) permits a party to move the district court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal, the complaint "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### A. Section 1983

Section 1983 provides a cause of action for citizens against persons acting under color of state law for violating their constitutional rights and other federal laws. 42 U.S.C. § 1983. Rusovici alleges both procedural and substantive due process violations.

In order to succeed on his procedural due process claim, Rusovici must show that he was deprived of a constitutional

property interest by state action through a constitutionally inadequate process. *Spencer v. Benison*, 5 F.4th 1222, 1232 (11th Cir. 2021); *see* U.S. Const. amend. XIV, § 1. Rusovici did not exhaust administrative remedies or participate in the process provided by UCF, so the district court did not err in dismissing his procedural due process claim. *See Spencer*, 4 F.4th at 1232.

Turning to substantive due process, we need not reach the merits because Defendants are immune. The Eleventh Amendment excludes from the jurisdiction of federal courts lawsuits against a state, which includes state universities like UCF and state officials like Verduin sued in their official capacity. U.S. Const. amend. XI; *Univ. of S. Ala. v. Am. Tobacco*, 168 F.3d 405, 412 (11th Cir. 1999); *Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994). And to overcome qualified immunity for his claim against Verduin in her individual capacity, Rusovici must have: (1) alleged facts that establish that Verduin "violated his constitutional rights; and (2) show[n] that the right involved was clearly established at the time of the putative misconduct." *Jacoby v. Baldwin Cnty.*, 835 F.3d 1338, 1344 (11th Cir. 2016) (internal quotations omitted and alteration adopted). Rusovici has not met this burden. The only action Rusovici alleges was taken by Verduin was the denial of his request for an informal resolution even though a formal hearing was already scheduled. He cites no law supporting that such a decision was a violation that "a reasonable official" would have understood violated his rights. *Id.* Accordingly, we affirm the dismissal of Rusovici's substantive due process claim as well.

### B. Title VI

Title VI states that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. To survive dismissal on his Title VI claim, Rusovici must "plausibly suggest that [he] suffered an adverse employment action due to intentional . . . discrimination." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (per curiam). But the record is devoid of explanation as to how or why Rusovici's lack of eye contact—or any other facet of his national origin and culture—affected any portion of UCF's honor court proceedings. *See id.* Thus, Rusovici failed to plausibly show that his national origin was related to the actions taken against him by employees of UCF. *See Iqbal*, 556 U.S. at 678. Thus, we affirm the district court's dismissal of his Title VI claim.

**AFFIRMED.**