[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 16, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14703
Non-Argument Calendar

_____

D. C. Docket No. 04-00061-CV-1-CDL-4

LOGIE W. TALLEY,

Plaintiff-Appellant,

versus

THE HOUSING AUTHORITY
OF COLUMBUS, GEORGIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(May 16, 2005)

Before EDMONDSON, Chief Judge, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Logie W. Talley, appearing pro se, appeals the district court's grant of summary judgment to Defendant-Appellee, the Housing Authority of Columbus, Georgia ("Housing Authority"). Talley brought a section 1983 suit, 42 U.S.C. § 1983, against the Housing Authority challenging a state court order that allowed the Housing Authority to seize his property. No reversible error has been shown; we affirm.

Talley's section 1983 suit arises from the Housing Authority's condemnation of Talley's property in 1994. Talley alleged that the Housing Authority violated his Fourth, Fifth and Fourteenth Amendment rights when it unlawfully asserted eminent domain over his private property. At the crux of Talley's claim is his assertion that no "public necessity" -- the *sine qua non* of Georgia's power of eminent domain, see Williams v. LaGrange, 98 S.E.2d 617, 620 (Ga. 1957) -- supported the condemnation of his property. Talley complains that the Housing Authority asserted eminent domain unlawfully over his property and later sold it to a private citizen at a profit. The Housing Authority moved for summary judgment, asserting defenses of res judicata, estoppel, laches, and failure to state a claim.

The procedural facts are undisputed. Talley was served as one of several condemnees in a condemnation action in Superior Court of Muscogee County, Georgia. A special master was appointed who awarded $17,500 as the value of the property. The special master's award was made the order and judgment of the Superior Court of Muscogee County on 1 August 1994. Talley filed an appeal of that judgment, but the appeal was dismissed as untimely. Talley filed a motion to set aside the state court condemnation action on 20 June 1997; that motion was denied.

The district court concluded that it lacked subject matter jurisdiction under the Rooker-Feldman doctrine.[1] The Rooker-Feldman doctrine precludes federal courts -- other than the United States Supreme Court -- from reviewing final judgments of state courts. See Rooker v. Fidelity Trust Co., 44 S.Ct. 149, 150 (1923); D.C. Court of Appeals v. Feldman, 103 S.Ct. 1303, 1311-15 (1983). When four criteria are satisfied, Rooker-Feldman bars lower federal court jurisdiction: (1) the party in federal court is the same as the party in state court; (2)

---

[1] Although Housing Authority failed to raise the Rooker- Feldman doctrine or to challenge the district court's subject matter jurisdiction, a federal court has an independent obligation to satisfy itself that it has authority to hear a case before it proceeds to the merits. See University of S. Ala. v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir.1999). That the litigants do not question the court's jurisdiction is of no consequence; " the court must inquire into its jurisdictional basis sua sponte." Mirage Resorts, Inc. v. Quiet Nacelle Corp., 206 F.3d 1398, 1401 (11th Cir. 2000).

3

the prior state court ruling was a final judgment on the merits; (3) a reasonable opportunity existed for the party seeking relief in federal court to have raised the federal claims in the state court proceeding; and (4) the issue advanced in federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment. Amos v. Glynn County Bd. of Tax Assessors, 347 F.3d 1249, 1265 n.11 (11th Cir. 2003).

We conclude, as did the district court, that the Rooker-Feldman criteria are satisfied. Talley and the Housing Authority were both parties to the state court condemnation action. That state court action ended in a final judgment on the merits: Talley's property was condemned and the Housing Authority was granted fee simple title to the property. Talley had the opportunity to argue before the Special Master and on appeal to the Superior Court of Muscogee County the issue of public necessity and the claimed violation of his constitutional rights. And the petition for condemnation in the state court proceedings stated that acquisition of the property was necessary to achieve the public purpose of urban redevelopment. See Williams, 98 S.E. 2d at 620 ("[t]he underlying and fundamental principle upon which the right to take the property of any private citizen against his will ... by eminant domain is that it is necessary to do so for a public purpose."). So, the

4

issue of whether the property was condemned for a public use necessarily was litigated in the state court condemnation action.

The district court committed no reversible error in concluding that it lacked subject matter jurisdiction to consider Talley's claims.[2]

AFFIRMED.

---

[2] The district court concluded, alternatively, that principles of res judicata precluded consideration of Talley's claims. We address only the jurisdictional basis for the district court's decision.