[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 8, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15421
Non-Argument Calendar

_____

D. C. Docket No. 05-00092-CV-WLS-1

BURT DEVELOPMENT CO.,
ALBANY LIME & CEMENT CO.,
H. P. BURT,

Plaintiffs-Appellants,

versus

BOARD OF COMMISSIONERS OF LEE COUNTY, GEORGIA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(May 8, 2007)**

Before BIRCH, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

This appeal arises out of an attempt by unsuccessful state court plaintiffs to re-litigate their claims in federal district court. The district court determined that the claims were barred by the <u>Rooker-Feldman</u> doctrine, and granted summary judgment in favor of the defendant.[1] We hold that the <u>Rooker-Feldman</u> doctrine applies, but that the district court should have dismissed the claims for lack of subject matter jurisdiction, rather than granting summary judgment. Accordingly, we VACATE the district court's judgment and REMAND with instructions to dismiss the plaintiff's claims with prejudice.

## I. BACKGROUND

In August 2003, Plaintiff-appellants Burt Development Co., Albany Lime & Cement Co., and Hilliard P. Burt (collectively, "Burt") filed an action in the Superior Court of Lee County, Georgia, challenging the county's refusal to change the zoning of a parcel of land located in Lee County to permit the construction of townhouses. A trial was held, and the court entered judgment in favor of the defendant, Lee County, rejecting all of Burt's claims. Burt then sought review of the Superior Court's ruling via direct and discretionary appeals to the Georgia Supreme Court, both of which the court declined to hear. The Georgia Supreme Court also denied subsequent motions to reconsider the denials of Burt's appeals.

---

[1] <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 44 S. Ct. 149 (1923); <u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462, 103 S. Ct. 1303 (1983).

Thereafter, Burt did not seek review in the United States Supreme Court; rather, in August 2005, Burt filed a complaint in the United States District Court for the Middle District of Georgia, raising substantially the same claims the Superior Court had rejected.

In response to Burt's complaint in the district court, Lee County moved for summary judgment, arguing that Burt's claims were barred under the Rooker-Feldman doctrine, res judicata, and collateral estoppel. After Lee County moved for summary judgment, and without leave of the court or the consent of Lee County, Burt filed an "amended complaint" purporting to add another claim for denial of due process under the Fourteenth Amendment on the ground that Lee County allegedly relied on perjured testimony in the state court proceeding. The district court then granted summary judgment in favor of Lee County, finding that the claims set forth in Burt's complaint were all either raised in the state court proceeding, or inextricably intertwined with claims that were raised in the state court, and therefore were barred under the Rooker-Feldman doctrine. The court also struck Burt's amended complaint, holding that because Lee County had served a responsive pleading before the amended complaint was filed, Burt was required by Federal Rule of Civil Procedure 15(a) to obtain either leave of the court or written consent of Lee County prior to its filing. Burt appeals the district court's

3

grant of summary judgment in favor of Lee County, arguing that the claims raised in the district court are not barred by Rooker-Feldman, res judicata, or collateral estoppel.

## II.  DISCUSSION

At the outset, we have a duty to review our subject matter jurisdiction over this proceeding.  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." (citation omitted)).  Our review of subject matter jurisdiction is de novo.  Id. at 408.  If the Rooker-Feldman doctrine applies to Burt's claims, we lack subject matter jurisdiction, as did the district court.  See Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001) ("The Rooker-Feldman doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal . . . ." (citation omitted)).  Accordingly, we review de novo whether the Rooker-Feldman doctrine is applicable to the claims raised by Burt in the district court.

The Rooker-Feldman doctrine recognizes that, pursuant to 28 U.S.C. § 1257, the power to review final judgments of state courts is vested solely in the United States Supreme Court.  See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291-92, 125 S. Ct. 1517, 1526 (2005).  In contrast, district courts are

4

courts of original jurisdiction, and are not empowered to review state court judgments.  See id.; Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 644 n.3, 122 S. Ct. 1753, 1759 (2002).  We have held that the Rooker-Feldman doctrine applies where the following criteria are met:

> (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment.

Storck v. City of Coral Springs, 354 F.3d 1307, 1310 n.1 (11th Cir. 2003) (citation and quotation omitted).  Thus, the doctrine applies not just to claims identical to those raised in the state proceeding, but also to claims "inextricably intertwined" with the state court's judgment.  See Goodman, 259 F.3d at 1332.  Even where a claim is inextricably intertwined, however, it is not barred under Rooker-Feldman "if the plaintiff had no reasonably opportunity to raise his federal claim in state proceedings."  Id. (citation and quotation omitted).

The record here  reveals that the parties are the same as in the state court proceeding, and that the state court ruling was "a final or conclusive judgment on the merits."  See Storck, 354 F.3d at 1310 n.1.  Indeed, the Superior Court of Lee County issued a written opinion addressing Burt's claims in detail.  Accordingly,

5

our review focuses on whether Burt "had a reasonable opportunity to raise [his] federal claims in the state court proceeding," and whether those claims "[were] either adjudicated by the state court or [were] inextricably intertwined with the state court's judgment." See id.

A. Counts I-VI

Upon review of Burt's state court complaint, the judgment of the Superior Court of Lee County, and Burt's district court complaint, it is apparent that all of the claims contained in counts I-VI of the federal complaint were also raised and adjudicated on the merits in the state court proceeding.[2] Indeed, Burt devotes almost none of his brief to arguing that the claims presented in federal court are distinct from those raised in state court.[3] Rather, Burt's brief consists largely of

---

[2] Count I of Burt's district court complaint alleges that the zoning of his property violated his due process rights under the Fifth and Fourteenth Amendments of the United States Constitution, as well as under Article 1, Section 1, Paragraph 1 of the Georgia Constitution. Count II also alleges a violation of due process under the Fourteenth Amendment, and states a claim for damages under 42 U.S.C. § 1983. Count III claims that Lee County unlawfully re-zoned Burt's property in 1996 in violation of Burt's due process rights under the United States and Georgia Constitutions, and seeks damages under § 1983. Count IV alleges that in 1994, Burt paid a zoning fee to Lee County in connection with an application for townhouse zoning, and that by zoning the property for single-family housing, the county impaired a contract between Burt and the county. Count V alleges that the county did not give the required notice before re-zoning the property, and Count VI claims that the relevant re-zoning statute and ordinance are unconstitutional.

[3] Burt's argument on this point is limited to stating that "[i]t is interesting to note that the State Court Action embraced two counts compared [to] the action in District Court which contained seven counts." Appellant's Br. at 18. Yet however the counts were numbered in the two complaints, the state court complaint encompassed all of the claims raised in federal court.

arguments that we should rely on the Second Circuit's opinion in <u>Santini v.</u>

<u>Connecticut Hazardous Waste Management Service</u>, 342 F.3d 118 (2d Cir. 2003)

for the proposition that federal claims not given thorough consideration by state

courts can later be brought anew in federal court.  We find Burt's argument

curious, as <u>Santini</u> was abrogated in 2005 by the Supreme Court's decision in <u>San</u>

<u>Remo Hotel, L.P. v. City & County of San Francisco</u>, 545 U.S. 323, 342, 125 S.

Ct. 2491, 2504 (2005), a point Burt neglects to mention in his brief.  Moreover,

even if <u>Santini</u> were still good law, it would not afford Burt any relief, as his

federal claims received ample consideration in the state court proceeding.  <u>See</u> R2-

14, Exh. D at 33-34 (addressing contract clause claim); <u>id.</u> at 35 (addressing equal

protection claim); <u>id.</u> at 35-36 (addressing remaining constitutional claims).

Because the claims set forth in Counts I-VI of Burt's complaint were raised by

Burt in state court and resolved on the merits, they are barred under the <u>Rooker-</u>

<u>Feldman</u> doctrine.

B.  <u>Count VII</u>

Count VII of Burt's complaint alleges that Burt was denied due process by

the Georgia Supreme Court when it declined to hear Burt's appeal, and Burt seeks

damages from Lee County under § 1983 for the supposed violation of due process

by the Georgia Supreme Court.  While it is unclear why a denial of due process by

the Georgia Supreme Court would entitle Burt to damages from Lee County, it is plain that Burt cannot prevail on this perplexing legal theory. Putting aside the question of why Burt seeks damages against Lee County for the acts for the Georgia Supreme Court, the claim is little more than an invitation to exercise appellate jurisdiction over the final judgment of the Georgia Supreme Court. If Burt believed the Georgia Supreme Court's disposition of his case violated his rights, his remedy was to seek review in the United States Supreme Court. See Feldman, 460 U.S. at 482-83, 103 S. Ct. at 1315-16; see also 28 U.S.C. § 1257. Lower federal courts, however, may not review the final judgment of a state court. Exxon Mobil, 544 U.S. at 291-92, 125 S. Ct. at 1526. Accordingly, neither we nor the district court possess jurisdiction to entertain Count VII of Burt's complaint.

C. Count VIII

On 7 October 2005, Burt filed a purported amended complaint in the district court, which contained an eighth count. Lee County filed an answer to Burt's original complaint on 29 July 2005, and Burt obtained neither the written consent of Lee County nor the court's permission subsequently to file an amended complaint. Federal Rule of Civil Procedure 15(a) provides that when an adverse party has responded to a pleading, the initial pleading may be amended "only by leave of court or by written consent of the adverse party . . . ." Because Burt failed

8

to comply with Rule 15(a), the district court struck the amended complaint. On appeal, Burt fails to address the district court's striking of his amended complaint, but proceeds to argue the merits of the allegations contained in the amended complaint. We do not address the contents of the amended complaint, however, both because we find that the court acted properly in striking it, and because Burt has waived the issue of the district court striking his amended complaint by not raising it on appeal.

D. The District Court's Disposition of Burt's Complaint

Upon concluding that Burt's claims were barred under the Rooker-Feldman doctrine, the district court entered summary judgment in favor of Lee County. While the court properly determined that the Rooker-Feldman doctrine is applicable, it erred in granting summary judgment. The Rooker-Feldman doctrine recognizes that the district court lacks subject matter jurisdiction to review the final judgment of a state court. See Exxon Mobil, 544 U.S. at 291-92, 125 S. Ct. at 1526. Upon determining that the Rooker-Feldman doctrine applies, and therefore that it lacks jurisdiction to proceed, a federal district court must dismiss the case. Goodman, 259 F.3d at 1331 n.6 (holding that district court erred in granting summary judgment in favor of defendants upon determining Rooker-Feldman doctrine applied; court should have dismissed case upon determining it lacked

9

subject matter jurisdiction).

### III. CONCLUSION

Because this case represents an attempt by Burt to obtain appellate review of the final judgment of a state court, the <u>Rooker-Feldman</u> doctrine applies, and both we and the district court lack subject matter jurisdiction. Because it lacked jurisdiction, the district court erred in granting summary judgment in favor of the defendants. Accordingly, we **VACATE** the judgment of the district court, and **REMAND** with instructions to dismiss Burt's claims with prejudice.