[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15722
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-00922-CAP

DANIEL DAOGARU,

                                                         Plaintiff-Appellant,

versus

U.S. ATTORNEY GENERAL,
THOMAS BRANDON,
Acting Director of the Bureau of Alcohol,
Tobacco, Firearms, and Explosives,

                                                         Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 29, 2017)

Before HULL, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Daniel Daogaru appeals the dismissal with prejudice of his complaint for declaratory and injunctive relief against officials of the United States. *See* Fed. R. Civ. P. 12(b)(1). Daogaru sought an order barring the officials from prosecuting him under the federal statute that prohibits convicted felons from possessing firearms, 18 U.S.C. § 922(g)(1). Daogaru argued that enforcement of the federal statute infringed on his right to keep and bear arms, in violation of the Second Amendment. The district court ruled that Daogaru lacked standing to sue because "Georgia law independently bar[red] him from possessing a firearm." We affirm.

## I. BACKGROUND

Daogaru was convicted in the Michigan courts of six felonies related to writing bad checks. Under Michigan law, Daogaru was barred from possessing a firearm for three years after he completed his sentence and term of probation. *See* Mich. Comp. Laws § 750.224f(1). In 2005, Daogaru's right to possess a firearm in Michigan was restored by operation of law, but Daogaru remained ineligible to obtain a license in Michigan to carry a concealed weapon, s*ee id.* § 28.425b(7)(f).

Daogaru moved to Georgia, where he filed a complaint in federal court against the United States Attorney and the acting director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives. In the complaint, Daogaru requested

2

a declaration that the federal firearms statute, 18 U.S.C. § 922(g)(1), was unconstitutional as applied to him and an injunction that barred the federal officials from enforcing the firearm statute "so as to prohibit[] [Daogaru] from possessing a firearm and ammunition in his home."

The officials moved to dismiss Daogaru's complaint and argued that he lacked standing to challenge the federal firearms statute because Georgia law independently prohibited him from possessing a firearm. The officials cited Georgia law, which punishes "[a]ny person . . . who has been convicted of a felony by a court of this state or any other state . . . who receives, possesses, or transports any firearm." Ga. Code § 16-11-131(b). That Michigan restored Daogaru's right to possess a firearm, the officials argued, did not qualify as a pardon that would except him from prosecution. *See id.* § 16-11-131(c). The officials contended that Daogaru could not, as required under Georgia law, produce a pardon that had been prepared by "the person or agency empowered to grant pardons under the constitution[] or laws of" Michigan that "expressly . . . authorize[d] [Daogaru] to receive, possess, or transport a firearm." *See* Ga. Code § 16-11-131(c). And the prohibition against Daogaru obtaining a license in Michigan to carry a concealed weapon established, the officials argued, that he had not been pardoned in accordance with Georgia law, which required "a declaration of record that [the] person is relieved from the legal consequences of a particular conviction" and the

3

"restor[ation of] civil and political rights and remov[al of] all legal disabilities resulting from the conviction," Ga. Comp. R. & Regs. 475-3-.10(3).

Daogaru opposed the motion to dismiss and requested that the district court strike the motion as untimely filed, but the district court rejected Daogaru's arguments and dismissed his complaint for lack of subject-matter jurisdiction. The district court ruled that Daogaru lacked standing because "the state-law firearms ban applicable to convicted felons establishe[d] that [his] alleged injury is attributable to a third-party not before the court, the State of Georgia, and that his alleged injury's relationship to the federal ban . . . is not fairly traceable to the defendants, nor would a favorable ruling by this court redress his injury."

## II. STANDARD OF REVIEW

We review *de novo* the dismissal of a complaint for lack of standing. *McCullum v. Orlando Reg'l Healthcare Sys., Inc.*, 768 F.3d 1135, 1141 (11th Cir. 2014).

## III. DISCUSSION

Daogaru challenges the dismissal of his complaint on two grounds. First, he argues that he has standing to challenge the federal firearm statute, 18 U.S.C. § 922(g)(1). Second, he argues that the Attorney General's motion to dismiss was untimely. Because Daogaru lacked standing and that determination is dispositive of his appeal, we decline to address the timeliness of the motion to dismiss.

4

The district court correctly determined that Daogaru lacked standing to complain about the constitutionality of section 922(g)(1). Daogaru's complaint is nonjusticiable because he failed to satisfy at least two of the threshold requirements for standing: causation and redressability. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To establish causation, Daogaru's "injury ha[d] to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Id.* (internal quotation marks, ellipses, brackets, and citation omitted). Daogaru's inability to possess a firearm is not traceable only to section 922(g)(1). Georgia law bars Daogaru from possessing a firearm. Daogaru has not obtained from an official or agency in Michigan a pardon with "terms . . . [that] expressly . . . authorize[] [him] to . . . possess . . . a firearm." *See* Ga. Code § 16-11-131(c). Daogaru also has not had "remove[d] all legal disabilities resulting from [his] conviction[s]" in Michigan, *see* Ga. Comp. R. & Regs. 475-3-.10(3); he cannot obtain a license to carry a concealed weapon, Mich. Comp. Laws § 28.425b(7)(f). And a ruling in Daogaru's favor would not, as the district court stated, "redress his injury." *See Lujan*, 504 U.S. at 560. Daogaru would still face prosecution in Georgia for possessing a firearm even if the district court issued an order that enjoined federal officials from prosecuting him under section 922(g)(1). Regardless of the timeliness of the Attorney General's motion to dismiss, the district court would

5

have been obligated *sua sponte* to dismiss Daogaru's complaint for lack of subject-matter jurisdiction. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

## IV. CONCLUSION

We **AFFIRM** the dismissal of Daogaru's complaint.