[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10230
Non-Argument Calendar
_____

D.C. Docket No. 3:17-cv-00053-DHB-BKE

JOHN DOPSON,

Plaintiff-Appellant,

versus

CHRIS STEVERSON,
JEFFERY DEAL,
RON BOWDOIN,
BETTY RIDDLE,
ATHANIEL KING,
JEROME DANIELS,
TOMMY BARRENTINE,
CHRIS SCREWS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 11, 2019)

Before WILLIAM PRYOR, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

John Dopson appeals the dismissal of his complaint against Chris Steverson, the Sheriff of Telfair County, Georgia, three of his deputies, and four deputies of the Sheriff's Office of Dodge County, Georgia. Dopson complained of false arrest, false imprisonment, and the infliction of emotional distress in violation of Georgia law, O.C.G.A. §§ 51-7-1, 51-7-2, 51-12-6, and of cruel and unusual punishment in violation of article 1, section 1, paragraph XVII of the Georgia Constitution. The district court dismissed Dopson's complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). We affirm.

We review *de novo* a dismissal for lack of subject matter jurisdiction. *Clements v. LSI Title Agency, Inc.*, 779 F.3d 1269, 1273 (11th Cir. 2015). We accept as true the allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *Id.*

The jurisdiction of the federal courts is limited to "that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Congress has granted the district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For a claim to arise under federal law, the allegations in the plaintiff's complaint must

2

establish that "federal law creates the cause of action asserted" or that his right to relief necessarily depends upon the resolution of a substantial question of federal law. *Gunn*, 568 U.S. at 257; *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). If "a federal court determines that it is without subject matter jurisdiction, [it] is powerless to continue" and is obligated to dismiss the action. *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *see* Fed. R. Civ. P. 12(h)(3).

Dopson's complaint fails to allege a claim that arises under federal law. In the first count of his complaint, Dopson alleges that he was falsely arrested "in violation of Georgia law pursuant to O.C.G.A. § 51-7-1" and that he was "falsely imprisoned . . . in violation of Georgia law pursuant to O.C.G.A. § 51-7-2." Similarly, Dopson alleges in counts two and three of his complaint, respectively, that he was "subjected to cruel and unusual punishment or abuse" in violation of "Article 1, § 1, Paragraph XVII of the Georgia Constitution" and that "[t]he conduct of Defendants . . . constitutes both negligent and intentional infliction of emotional distress . . . in violation of Georgia law pursuant to O.C.G.A. § 51-12-6." Dopson argues that his "state law claims . . . necessarily state a federal issue,"

but "[t]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction," *Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004) (quoting *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986)). And Dopson's right to relief for his claims under state law does not necessarily depend on resolution of a substantial federal issue. *See Gunn*, 568 U.S. at 257. Dopson's claims can be resolved without deciding whether the officers violated his rights or deprived him of a right owed under federal law. *See Screws v. United States*, 325 U.S. 91, 108 (1945) ("Violation of local law does not necessarily mean that federal rights have been invaded."). The district court correctly dismissed Dopson's complaint for lack of subject matter jurisdiction.

We **AFFIRM** the dismissal of Dopson's complaint.