IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 NORTHERN DIVISION 

PORTIA OSBORNE, ) 
 ) 
 Plaintiff, ) 
 ) 
v. ) Civil Act. No: 2:19-cv-626-SMD 
 ) 
CINTAS, ) 
 ) 
 Defendant. ) 

 MEMORANDUM OPINION AND ORDER 

Before the undersigned is Plaintiff Portia Osborne’s (“Osborne”) Motion to Remand 
(Doc. 6), arguing that Defendant Cintas is unable to prove that its case meets the $75,000 
amount-in-controversy requirement, and therefore, the case should be remanded to state 
court. Cintas filed a Response in Opposition (Doc. 10), and Osborne filed a Response in 
Opposition (Doc. 11); thus, the matter is ripe for review. For the reasons that follow, 
Osborne’s Motion is due to be granted. 
 I. BACKGROUND 
This case arises from a slip-and-fall by Osborne at the social security building in 
Montgomery, Alabama, where she worked. (Doc. 1-3). Osborne alleges that Cintas’ agent 
left a rolled-up mat in a doorway that was difficult to see, causing her to fall. Id. After the 
fall, Osborne sustained a concussion that led to ongoing severe headaches, as well as a 
broken toe (thought to result in permanent damages) and an unspecified injury to her knee. 
Id. Additionally, the fall is alleged to have aggravated a pre-existing condition in her right 

 1 
foot, and has caused swelling in her left leg. Id. Under a negligence claim, Osborne seeks 
recovery for injuries, pain and suffering, past and future medical expenses, loss of earnings 
and mental anguish, and punitive damages. (Doc. 1-3). Osborne filed suit in Montgomery 

County Circuit Court, and Cintas timely removed. (Doc. 1). 
 II. ARGUMENTS 
Osborne argues that in a removal case, such as this one, the removing party bears 
the burden of establishing the jurisdictional amount-in-controversy by a preponderance of 
the evidence, and that because Osborne’s Complaint pled unspecified damages, Cintas 

cannot meet its burden to support removal. (Doc. 6) at 3. Cintas counters with a twofold 
strategy: First, it notes a series of district court orders finding that a plaintiff who pleads 
unspecified damage amounts must include an affidavit disclaiming an amount-in-
controversy greater than $74,999 to defeat diversity jurisdiction. (Doc. 10) at 4-5. Second, 
Cintas argues the nature of Osborne’s Complaint – which seeks damages for pain and 

suffering, future medical expenses, lost earnings, emotional distress, and punitive damages 
– provides a permissible inference that Osborne has placed $75,000 in controversy. 
Osborne, in rebuttal, argues: “Defendants [sic] rely solely on the allegations from the 
complaint as set out above. These allegations are devoid of ‘specific facts on the amount 
in controversy,’ and Defendants have not provided ‘their own affadavits, declarations, or 

other documentation’ in support of federal jurisdiction. The Court is left with no other 
evidence from Defendants from which it can draw ‘reasonable inferences and deductions.’” 
(Doc. 11) at 6 (internal citations omitted). 

 2 
 III. ANALYSIS 
Although the parties spend a great deal of their briefs battling over the relevance of 
various district court orders, this Court need not separate the wheat from the chaff because 

the Eleventh Circuit has already provided sufficient guidance to reach a dispositive 
outcome in this case. 
First, a capsule of the governing rules: In removal cases, “the party seeking to 
remove the case to federal court bears the burden of establishing federal jurisdiction.” 
Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010) (internal quotes and 

citations omitted). That party “bears the burden of establishing the jurisdictional amount 
by a preponderance of the evidence.” Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th 
Cir. 2007). Furthermore, “in such absence [of factual allegations], the existence of 
jurisdiction should not be divined by looking to the stars.” Lowery at 1215. Although 
jurisdiction should not be divined by looking into the stars, and “such speculation is 

frowned upon,” Lowery at 1211, courts may use “reasonable deductions, reasonable 
inferences, or other reasonable extrapolations. That kind of reasoning is not akin to 
conjecture, speculation, or star gazing.” Pretka at 754. “An inference is not a suspicion or 
a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis 
of another fact that is known to exist.” Id. (internal quotes and cites omitted). If the question 

of removal appears to be a close one, the court errs on the side of remand: “Because 
removal jurisdiction raises significant federalism concerns, federal courts are directed to 
construe removal statutes strictly. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 

 3 
108–09 (1941). Indeed, all doubts about jurisdiction should be resolved in favor of remand 
to state court.” Univ. of S. Ala. v. Amer. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). 
With those principles in mind, we turn to the matter at hand. Here, Cintas’ Notice 

of Removal simply restates the allegations of Osborne’s Complaint, and then concludes, 
based on other similar cases with similar pleadings, that the $75,000 amount-in-
controversy requirement is, more likely than not, met. (Doc. 1) at 4-8. Notably, however, 
Cintas supplies no external evidence of the amount likely to be in controversy, thus placing 
its Notice of Removal in the category of what the Lowery court termed “the naked 

pleadings.” Lowery at 1209. The Lowery court struggled with the paradox of how a 
defendant was to carry its burden of proof with no evidence: “We note, however, that in 
situations like the present one—where damages are unspecified and only the bare pleadings 
are available—we are at a loss as to how to apply the preponderance burden meaningfully.” 
Id. at 1210. 

In response to this concern, the Pretka court subsequently noted that a defendant 
has a wide range of evidentiary tools to help prove jurisdiction: “The substantive 
jurisdictional requirements of removal do not limit the types of evidence that may be used 
to satisfy the preponderance of the evidence standard. Defendants may introduce their own 
affidavits, declarations, or other documentation […]” Id. at 755. Pretka, it is worth noting, 

also largely validates the defendant’s argument, (Doc. 10) at 10-11, that Lowery sweeps 
too broadly and only provides the plaintiff with persuasive dicta, rather than binding 
precedent. Nevertheless, Pretka clearly contemplates—and allows—a defendant the 

 4 
chance to augment naked pleadings to carry its burden. Pretka at 753 (“The record in 
Lowery contained only ‘naked pleadings’– no specific details, no discovery, no affidavits 
or declarations, no testimony, no interrogatories, and no exhibits other than the complaints. 

We took pains to emphasize that fact. Over and over.”) (emphasis added). Indeed, the 
Pretka court found that removal was proper with the benefit of the disputed contract 
attached to the complaint, the defendant’s declaration providing more details about the 
amount of money involved in the transaction, and another declaration with yet more details 
on the opposition to the plaintiff’s motion to remand. Id. at 768. This evidence proved to 

the court that the defendant “possesses non-speculative knowledge of the amount of every 
putative class member’s claim.” Id. at 771. 
In contrast, the “evidence” Cintas attempts to present in the instant case more 
closely resembles that considered—and rejected—by the Lowery court. See id. at 1220-21 
(“The additional ‘evidence’ contained in the supplement likewise fails to support the 

defendants’ contention that the district court had jurisdiction over this action. . . . Looking 
only to this evidence and the complaint, the facts regarding other cases tell us nothing about 
the value of the claims in this lawsuit. Even were we to look to evidence beyond that 
contained within the notice of removal, in the present dispute—with a record bereft of 
detail—we cannot possibly ascertain how similar the current action is to those the 

defendants cite.”). 
As an initial matter, Cintas’ argument–that Osborne’s pleading of certain types of 
damages without disclaiming a $75,000 amount in controversy itself proves the amount in 

 5 
controversy, (Doc. 10) at 4-6,– appears to contradict the spirit of the Eleventh Circuit’s 
longheld view that Cintas, in this case, bears the burden of proof. Furthermore, this 
viewpoint, apparently originating with a few district courts in the Northern District of 

Alabama, has been more recently rejected in this district. See Kumi v. Costo Wholesale 
Corp., 2019 WL 6359151, at *3 (M.D. Ala. Nov. 27, 2019) (“The court declines to follow 
Jones or Smith, which are ‘not binding or persuasive authority,’ and impermissibly convert 
the removing party’s burden to establish jurisdiction into a burden on the non-removing 
party to defeat jurisdiction.”) (internal cites omitted). 

The many cases cited by Cintas on the compensatory damages claim fail to remedy 
the fundamental problem facing the undersigned, which is that this Court lacks evidence of 
the value of these claims. No matter how similar other previous cases may be, Cintas is 
requiring this Court to speculate on the value of the claims in this case by comparing them 
to others. Lacking further evidence, the Court will not do so. 

For the same reason, Cintas’ arguments regarding punitive damages also fails. To 
pass constitutional muster, punitive damages cannot have an excessive ratio to 
compensatory damages. BMW of N. Amer., Inc. v. Gore, 517 U.S. 559, 580 (1996). Here 
we have no starting point with compensatory damages, and by extension, trying to establish 
jurisdiction via punitive damages with this record would necessarily involve speculation. 

See also Lowery at 1189, 1220-21 (rejecting as speculative the defendant’s jurisdictional 
argument that plaintiffs in other recent mass tort actions in Alabama had received jury 
verdicts or settlements greater than the $5 million amount-in-controversy requirement). 

 6 
Additionally, it is true that “[w]hen determining the jurisdictional amount in 
controversy in diversity cases, punitive damages must be considered, unless it is apparent 
to a legal certainty that such cannot be recovered.” Holley Equip. Co. v. Credit Alliance 

Corp., 821 F.2d 1531, 1535 (11th Cir. 1987). Because this is a diversity case, state law 
governs substantive issues. Id. at 1534. Plaintiff’s Complaint only contains one count of 
negligence. (Doc. 1-1) at 2. However, under Alabama law, “[p]unitive damages cannot be 
awarded on a negligence claim.” Lafarge N. Amer., Inc. v. Nord, 86 So. 3d 326, 335 (Ala. 
2011). Therefore, the current pleadings establish to a legal certainty that punitive damages 

cannot be recovered, and therefore, cannot be factored into the amount-in-controversy 
requirement. 
As a final point of consideration, Cintas complains that Osborne “[t]actically . . . 
does not seek a specific amount of damages, yet the pleading sets forth the following 
allegations . . . which demonstrates that more likely than not, the amount in controversy 

exceeds $75,000.” (Doc. 10) at 2. The Eleventh Circuit has recognized the ability of 
plaintiffs to exploit the removing defendant’s burden of proof. See Roe v. Michelin N. 
Amer., Inc., 613 F.3d 1058, 1064 (11th Cir. 2010) (“[A] plaintiff could defeat federal 
jurisdiction simply by drafting his pleadings in a way that did not specify an approximate 
value of the claims. . . Plaintiffs skilled in this form of artful pleading could, with this trick, 

simply make federal jurisdiction disappear.”). See also Pretka at 767 (“Admittedly, a 
plaintiff’s ‘artful pleading’ trick probably would not fool the judicial audience forever. At 
some point during the performance—perhaps during discovery or even at trial—the 

 7 
plaintiff likely would have to provide the defendant with some ‘other paper’ indicating the 
value of the claims. The defendant’s receipt of that document might trigger a new thirty-
day period in which removal is timely.”) (citing 28 U.S.C. § 1446(b)). 

If Cintas believes that Osborne has artfully pleaded her way out of federal 
jurisdiction, the statute provides such a remedy. However, this Court does not have the 
leeway to create jurisdiction where it is in doubt. 
 CONCLUSION 

For the reasons stated more fully above, it is 
ORDERED that Plaintiff’s Motion to Remand (Doc. 6) is GRANTED and this 
action is REMANDED to the Circuit Court of Montgomery County, Alabama. The Clerk 
of Court is DIRECTED to take appropriate steps to effectuate the remand. 

DONE this the 11th day of June, 2020. 

 /s/ Stephen M. Doyle 
 STEPHEN M. DOYLE 
 UNITED STATES MAGISTRATE JUDGE 

 8