[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13901

Non-Argument Calendar

_____

GREGORY KEVIN SAMUELS,

Plaintiff-Appellant,

*versus*

WMC MORTGAGE, LLC,
GE HOLDINGS INC.,
GQ HOLDING 1329, LLC,
MORTGAGE ELECTRONIC SYSTEMS,
NINTH JUDICIAL CIRCUIT COURT OF FLORIDA, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:21-cv-00870-RBD-LRH

_____

Before GRANT, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Gregory Samuels, proceeding *pro se*,[1] appeals the district court's dismissal -- for lack of subject-matter jurisdiction -- of Samuels's civil action.  No reversible error has been shown; we affirm.

In 2021, Samuels filed *pro se* this civil action in the district court.  In his amended complaint, Samuels named seven defendants: (1) WMC Mortgage LLC; (2) GE Holdings Inc.; (3) GQ Holdings 1329, LLC; (4) Mortgage Electronic Registration Systems, Inc.; (5) the Ninth Judicial Circuit Court of Florida; (6) Kondaur Capital Corporation; and (7) Tyler Stiglich.  Briefly stated, Samuels purported to assert claims against defendants for fraud and for violation of his due-process rights stemming from the state-court foreclosure proceedings on his home.

The Ninth Judicial Circuit -- as a party defendant -- moved to dismiss Samuels's amended complaint on various grounds,

_____

[1] We read liberally appellate briefs filed by *pro se* litigants.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  We also construe liberally *pro se* pleadings.  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

including for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

The district court granted the Ninth Judicial Circuit's motion. The district court concluded that it, as a federal court, lacked subject-matter jurisdiction to consider Samuels's challenges to the state foreclosure proceedings. The district court thus dismissed without prejudice Samuels's civil action as barred by the *Rooker-Feldman*[2] doctrine.[3] This appeal followed.

On appeal, Samuels argues chiefly that the district court erred in dismissing his complaint without first addressing his claims on the merits: conduct Samuels says violated due process and his right to a jury trial. According to Samuels, "justice" outweighs "judicial expedience" such that the district court should have exercised its discretion under Rule 12(i) and deferred ruling on the Ninth Judicial Circuit's Rule 12(b)(1) motion until a trial on the merits. Samuels also asserts that his amended complaint stated a claim for relief and was, thus, not subject to dismissal under Fed. R. Civ. P. 12(b)(6).

Construed liberally, Samuels's *pro se* appellate brief challenges only the *timing* of the district court's ruling on the Rule 12(b)(1) motion. We reject Samuels's timing argument: a federal

_____

[2] *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[3] The district court also noted that it had already dismissed two substantially similar lawsuits filed by Samuels against many of the same defendants.

court must "inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Samuels raises no substantive argument challenging the correctness of the district court's determination that the district court lacked subject-matter jurisdiction over Samuels's claims or that Samuels's claims were barred by *Rooker-Feldman*. Samuels has thus abandoned the argument that the district court concluded incorrectly that it lacked subject-matter jurisdiction. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("A party fails to adequately 'brief' a claim when he does not 'plainly and prominently' raise it, 'for instance by devoting a discrete section of his argument to those claims.'"); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." (citations omitted)).

Because Samuels has failed to challenge the only basis for the district court's order of dismissal, we affirm.

AFFIRMED.