**FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-13509

————————————

MULTIMEDIA TECHNOLOGIES, INC.

*Plaintiff,*

GEOFFREY ANDERSON,
PEACH HOSPITALITY OF GEORGIA, LLC.,

*Plaintiffs-Appellees,*

*versus*

CITY OF ATLANTA, GEORGIA,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-01280-VMC

————————————

Before WILLIAM PRYOR, Chief Judge, and ABUDU and TJOFLAT, Circuit Judges.

WILLIAM PRYOR, Chief Judge:

This appeal requires the straightforward application of the First Amendment to a municipal sign ordinance. In 2015, after the Supreme Court decided *Reed v. Town of Gilbert*, 576 U.S. 155, 171 (2015), the City of Atlanta amended its sign code to remove several content-based provisions. The new code allowed nonconforming signs to remain if they were legal under the earlier code. A state court ruled that a sign operator's pre-2015 signs were not lawfully nonconforming because they violated the earlier code. When Atlanta attempted to remove the signs, the sign operator, Multimedia Technologies, sought an injunction in the district court on the ground that the earlier code is unconstitutional. The district court granted summary judgment in favor of Multimedia and enjoined enforcement of the code. Because the relevant provision of the sign code is content-neutral, we vacate and remand for further proceedings.

## I. BACKGROUND

The City of Atlanta adopted a sign code in 1982. Section 16-28.019 of the 1982 sign code required that signs be permitted before they could be erected. But section 16-28.019(1) exempted "campaign signs," "[m]emorial signs," and "[b]ulletin boards" from the permitting requirement. The definitions of the exempted signs were content-based. A separate provision, section 16-28.019(7), limited construction of "signs near freeways [and] expressways." Those limitations applied only to "general advertising sign[s]," which the code defined as "sign[s] which [are] for the purpose of directing attention to a business, profession, product, service, activity, accommodation, attraction or entertainment not principally

conducted, sold or offered on the premises. The code also clarified that these signs "may also be referred to as off-site signs."

Multimedia Technologies owns and operates two signs at a property owned by Peach Hospitality of Georgia. The signs are adjacent to and visible from Interstate 85, just north of downtown Atlanta. These signs were permitted by Atlanta in May 1993 under section 16-28.019. The signs were installed in compliance with the permits, and those permits were repeatedly renewed between 2002 and 2008.

In 2015, Atlanta adopted a new sign code. Earlier that year, the Supreme Court held that a municipal sign code which "imposes content-based restrictions on speech" was subject to strict scrutiny under the First Amendment. *Reed*, 576 U.S. at 171. In response, Atlanta amended its sign code by removing section 16-28.019. But the 2015 code allowed a nonconforming sign to remain in use. And it defined a nonconforming sign as one "lawfully erected prior to the adoption" of the 2015 sign code that "does not conform to the requirements of" the new code.

In 2018, Multimedia sought a permit "to upgrade the sign changing technology" for its signs. Atlanta issued the requested conversion permits. Three private parties appealed the decision to the Board of Zoning Adjustment, which rejected the challenge. Two of the private parties then appealed the Board's decision to the Superior Court of Fulton County.

The superior court overturned the Board's decision. It stated that "[a]ll parties agree[d] that the signs are, at present, nonconforming." And it interpreted the nonconforming provision of the 2015 code to require that "for *any* new permits to issue for these signs, it must be shown that they were, at some point, lawful." To answer that question, the superior court looked to section 16-28.019(7) of the 1982 sign code governing "off-site signs." Applying subsection (7), it found four fatal errors in the 1993 permits, rendering the original permits "unlawful at inception." So, it reversed the Board's decision.

Atlanta then ordered Multimedia to remove the signs altogether. It first sent a Zoning Correction Notice to Multimedia that required it to "remov[e] the unlawful signs . . . within 30 days." When Multimedia failed to do so, Atlanta twice issued arrest citations to Geoffrey Anderson, the president of Multimedia, and Harrison Coleman, Peach's registered agent. Atlanta agreed to stay both citations pending the outcome of this litigation.

Anderson, Multimedia Technologies, and Peach sued Atlanta in the district court. They asked for a declaratory judgment that the 1982 sign code is unconstitutional, facially and as applied, under the First Amendment, and a permanent injunction to prevent Atlanta from enforcing the 1982 sign code against them. In response, Atlanta denied that it was enforcing the 1982 sign code.

Multimedia, Anderson, and Peach moved for summary judgment. The district court *sua sponte* ordered the parties to brief

"whether the Superior Court Order precludes" federal-court review under the *Rooker-Feldman* doctrine. After the parties submitted their briefs, the district court granted summary judgment against Multimedia and dismissed its claims for lack of subject-matter jurisdiction but left the claims of the other two plaintiffs intact. It stayed the case as to the remaining plaintiffs until we issued our mandate in Multimedia's appeal. We dismissed the appeal for lack of appellate jurisdiction.

Multimedia then asked the district court to reconsider the summary judgment against it. The district court did so and concluded that its jurisdictional ruling "was wrong when issued." Turning to the merits, it agreed that the 1982 sign code was "content-based," and that Atlanta "has the burden of defending the code under strict scrutiny." But Atlanta had made no effort to do so. It argued instead that the challenge was moot because the 1982 sign code had been fully replaced by the 2015 code. The district court rejected this argument because the 2015 code "incorporates prior law by reference for the purpose of determining whether a sign is a nonconforming sign." The district court ruled that Multimedia, Anderson, and Peach could challenge the 1982 sign code, "sustain[ed] [their] facial challenge," issued summary judgment for Multimedia, Anderson, and Peach, and enjoined Atlanta from enforcing the 1982 sign code against them.

We directed the parties to address at oral argument whether subsection (7) of the 1982 sign code "makes a content-neutral distinction between on- and off-premises signs, and whether the 1982

Sign Code, as applied to Multimedia, is therefore constitutional." After argument, we ordered the parties to file supplemental briefs addressing "whether section 16-28.019(7)" is "content-neutral." Atlanta argues that it is; Multimedia, Anderson, and Peach argue that it is not.

## II. STANDARD OF REVIEW

We review a summary judgment *de novo*. *Lowery v. AmGuard Ins. Co.*, 90 F.4th 1098, 1103 (11th Cir. 2024).

## III. DISCUSSION

Multimedia, Anderson, and Peach (collectively Multimedia) maintain both facial and as-applied challenges to the 1982 sign code. The district court erred as to both theories. It was wrong to sustain a facial challenge against the entire 1982 sign code when Multimedia has standing only to challenge section 16-28.019(7). And it was wrong to conclude that the 1982 sign code, as applied to Multimedia, was content-based.

The Constitution requires that a party seeking relief in federal court "suffer[] some threatened or actual injury resulting from the putatively illegal action." *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (citation and internal quotation marks omitted). A plaintiff challenging a purportedly unconstitutional law must prove that it suffered injury under each provision it seeks to invalidate. *CAMP Legal Def. Fund v. City of Atlanta*, 451 F.3d 1257, 1269 (11th Cir. 2006). An "injury under one provision" does not "confer standing on a plaintiff to challenge all provisions of an allegedly unconstitutional ordinance." *Id.* at 1273. Although a plaintiff may "mount a

24-13509                Opinion of the Court                7

facial challenge to provisions" of an ordinance that cause it injury, it must prove "by affidavit or other evidence . . . that every challenged provision affects [it.]" *Id.* at 1273–74 (citation and internal quotation marks omitted). And "a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Multimedia can establish standing only as to one provision: subsection (7). The superior court relied only on that subsection in ruling that Multimedia's signs were not lawfully non-conforming. Multimedia provided no evidence that it suffered injury from other provisions of the 1982 sign code. So it lacks standing to bring a facial challenge against any provision other than subsection (7).

The district court also erred in accepting the parties' stipulation that the provisions of the 1982 sign code applied to Multimedia were content-based. Subsection (7) restricts only the use of "off-site signs," or signs advertising a business "not principally conducted . . . on the premises" on which the sign is located. Regulations distinguishing between "on-premises and off-premises signs" are "content neutral" under the First Amendment. *City of Austin v. Reagan Nat'l Advert. of Aus., LLC*, 142 S. Ct. 1464, 1473 (2022). "[W]e may exercise our discretion to consider a forfeited issue" when "the proper resolution is beyond any doubt." *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc). Because it falls squarely under *City of Austin*, subsection (7) of the 1982 sign code was content-neutral on its face and as applied to Multimedia.

Multimedia makes three arguments against this conclusion. None persuade us. We address each in turn.

First, Multimedia argues that we cannot neatly separate subsection (7) from the rest of the sign code because Atlanta's arrest citations did not do so. But the arrest citations referred generally to the "1982 Atlanta Zoning Ordinance," not even to section 28-019. And the citations clarified that the violation was the failure to "remove two unlawful non-conforming signs . . . that were ruled to be illegal" by the "Superior Court" of Fulton County. Unless Multimedia violated every provision of the 1982 Zoning Ordinance, the arrest citations alleged only a violation of subsection (7).

Second, Multimedia argues that we cannot separate subsection (7) from the content-based provisions of subsections (1)–(6). Because the superior court decided that its *permits* were unlawfully issued, Multimedia argues that we must look at the general permitting requirement and its content-based exceptions. But subsection (7) applies to all general advertising signs regardless of their permit status.

Finally, Multimedia argues that subsection (7) itself "is a content-based restriction" distinguishable from the sign code at issue in *City of Austin*. It argues that although the sign code in *City of Austin* defined an off-premises sign to include one advertising a "person," the 1982 sign code does not. It maintains that for a court to determine "[w]hether a sign relates to a person running for office, to a charitable activity, or to a business," it must look to the content of the sign. This argument fails.

Even assuming that subsection (7) does not apply to signs advertising "persons," it is content-neutral because it "do[es] not single out any topic or subject matter for differential treatment." *City of Austin*, 142 S. Ct. at 1472. True, enforcing the sign code "requires reading a billboard to determine whether it directs readers to the property on which it stands or to some other, offsite location," but a rule that "holds that a regulation cannot be content neutral if it requires reading the sign at issue . . . is too extreme an interpretation of [the Supreme] Court's precedent." *Id*. at 1471–72. Instead, because the "substantive message itself is irrelevant to the application" of the sign code, it is content-neutral. *Id*. at 1472. Enforcement of subsection (7) requires only that Atlanta determine that a sign is a general advertising sign, which turns on the sign's "location," not its content. *Id*.

The district court concluded that the 1982 sign code was content-based, so it did not apply the proper level of scrutiny to subsection (7). For a content-neutral provision to survive, on its face and as applied to Multimedia, it must be "narrowly tailored to serve a significant governmental interest." *City of Austin*, 142 S. Ct. at 1475 (citation and internal quotation marks omitted). Because "we are a court of review, not a court of first view," *Donald v. Norris*, 131 F.4th 1255, 1269 (11th Cir. 2025) (citation and internal quotation marks omitted), and the parties have not briefed application of the correct level of scrutiny to section 16-28.019(7), we remand to the district court to consider the constitutionality of subsection (7) in the first instance. *See e.g.*, *City of Austin*, 142 S. Ct. at 1476; *In re Ga. Senate Bill 202*, 160 F.4th 1171, 1177 (11th Cir. 2025).

## IV. CONCLUSION

We **VACATE** the summary judgment and injunction and **REMAND** for further proceedings consistent with this opinion.